Charles W. MULLINS, Plaintiff-
Appellant,

v.

Wilbur J. COHEN, Secretary of Health,
Education and Welfare, Defendant-
Appellee.

No. 18814.

United States Court of Appeals
Sixth Circuit.

March 27, 1969.

Ronald W. May, Pikeville, Ky., for appellant.

J. T. Frankenberger, Lexington, Ky., for appellee. George I. Cline, U. S. Atty., G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., on the brief.

Before O'SULLIVAN, EDWARDS and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This appeal is from the judgment of the District Court which affirmed the Secretary of Health, Education and Welfare's denial of social security disability benefits to the appellant.

Appellant is a 40 year old (present age) former steel mill laborer who now lives in Pike County, Kentucky. Appellant testified that he attended school only to the fourth grade and that he could not read or write except to write

his name. He also testified that he received a back injury on the job in 1959, and has not worked since 1963.

In his application for disability insurance benefits, the appellant alleged as his impairment "back and heart conditions." After denial of this application and decision by a Hearing Examiner denying benefits, the appellant requested, and was given, an additional orthopedic examination and psychological and psychiatric examinations. The results of these examinations as well as the entire record of the proceedings before the Hearing Examiner were before the Appeals Council. However, in light of the disposition we make of this case, it is important to note that there was no additional testimony by a vocational expert based on the reports from the additional physical and mental examinations in the record before the Appeals Council.

This failure to have additional vocational testimony is particularly important because the appellant is now claiming disability due to mental as well as physical impairment.

The reports of the additional physical and mental examinations show that the examining doctors felt that the appellant was unable to work primarily because of emotional disturbances. The report of Dr. Stevens, an orthopedic surgeon, stated that the appellant's physical complaints were the result of his emotional problems and that "his psychiatric state preclude[d] any return to work." The report of the psychological examination showed that the appellant had a "borderline" IQ rating of 73 and that he would be "limited in ability to function independently and accept responsibility." Finally, the report of Dr. Ligon, the psychiatrist, stated that the appellant needed psychiatric treatment and re-habilitation.

Section 223 of the Social Security Act was amended in 1967, during the pendency of this action, to read:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists * * *." 42 U.S.C. § 423(d) (2) (A).

The amendment applies to this action. Public Law 90–248, section 158(e).

Once the appellant showed that he could no longer work in his former occupation as a steel mill laborer, the burden of proof shifted to the Secretary to show that the appellant could engage in some other kind of "substantial gainful work." Nelson v. Gardner, 386 F.2d 92 (6th Cir.1967), May v. Gardner, 362 F.2d 616 (6th Cir.1966).

It is clear that the appellant satisfied his burden of showing that he was unable to do his previous work. Finding Number 6 in the decision of the Appeals Council, that "Whereas the claimant may not be able to engage in employment requiring heavy lifting or other arduous duties, he remains capable of doing light to moderately strenuous work;" shows that the Appeals Council considered the appellant unable to do his former work as a laborer in a steel mill. It then became incumbent on the Secretary to show that the appellant could engage in some other "substantial gainful work." However, a proper determination of this fact was highly dependent upon the testimony of a vocational witness who had no opportunity to consider the reports of the additional physical and mental examinations. All of the evidence of the appellant's mental condition was obtained after the vocational witness testified, and no attempt was made to furnish these reports to the witness to find out whether they would change his conclusions about the other "substantial gainful work" the appellant could do. There was no testimony in the record as to the "substantial gainful work" the appellant could do in light of his physical and mental problems. The general finding of the Appeals Council that the appellant's mental problems

would not prevent him from adjusting to the nervous and mental stresses of the ordinary employment situation and the specific finding in Finding Number 7 that the appellant is able to meet the physical and mental demands of any of the specific jobs listed in the Hearing Examiner's decision are nothing more than mere conjecture.

We must therefore reverse and remand this case to permit the Secretary to show on the basis of the testimony of a vocational witness properly apprised of all available reports of physical, psychological and psychiatric examinations and tests whether appellant could obtain "substantial gainful work."

The appellant's other allegation of error is worthy of some discussion. He argues that the judgment of the District Court should be reversed for the reason that both the Hearing Examiner and the Appeals Council applied an incorrect legal standard to the evidence of physical impairment.

It is true that the decisions of both the Hearing Examiner and the Appeals Council did make reference to the need for objective medical findings in order to find physical impairment. The decision of the Hearing Examiner stated that:

"The Act requires that the impairment be 'medically determinable'; that is, the existence of an impairment must be established by objective medical, clinical, or laboratory evidence * * *. The objective medical evidence does not support a conclusion that the claimant has anything more than a minor back disorder, probably muscular and ligamentous in origin."

In its evaluation of the medical evidence, the Appeals Council said:

"In resolving this question [of impairment], consideration should be given to those physical or nervous symptoms alleged by the claimant that are actually confirmed by objective medical findings."

The question is whether criteria were used which are in conflict with the legal standard set forth in sections 216(i) and 223(d) of the Social Security Act. It is important to note that these sections of the Social Security Act were amended in 1968, during the pendency of this action. The amended section 223(d) now reads in pertinent part:

"(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment * *.

*   *   *   *   *   *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities *which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques*." 42 U.S.C. § 423(d). (Emphasis supplied.)

The amendment applies to this action. Public Law 90–248, section 158(e). Whitt v. Gardner, 389 F.2d 906 (6th Cir.1968).

The appellant contends that the Secretary required him to prove his physical impairment by "objective" medical evidence, and that such is not the standard set forth in the Act. In urging reversal on this ground, the appellant relies heavily on Whitt v. Gardner, *supra*.

However, we are not persuaded that this case is controlled by Whitt v. Gardner, *supra*, nor are we persuaded that the Hearing Examiner and the Appeals Council applied an erroneous legal standard to the medical evidence. Instead we consider this case to be similar to Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968), where this Court held that a reference to absence of "objective" medical findings was not reversible error if a consideration of the entire record showed that the denial of benefits was due to the claimant's failure to bear his burden of proof that he was disabled due to a physical impairment which was "demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Consideration of the entire record convinces us that the Appeals Council did not consider the appellant *disabled* as the result of an impairment or impairments that were "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." However, as noted above, an important part of that decision, that is, whether the appellant was disabled because of any of his impairments, depended on the expert testimony of a vocational witness. And as noted above, that witness was not properly apprised of all the relevant facts and medical reports.

The judgment of the District Court is reversed, with direction that the matter be remanded for reconsideration by the Secretary.