**Manuel GALAN AGUILA**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE.**

Civ. No. 731–68.

United States District Court
D. Puerto Rico.

Jan. 22, 1970.

Baltasar Corrada, San Juan, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER and MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

Manuel Galán Aguila is a disability insurance benefits claimant who last met the special earnings requirement of the Social Security Act through March 31, 1969. He has filed this action under Section 205(g) of said Act, 42 U.S.C.A. § 405(g), seeking review of the final decision of the Secretary of Health, Education and Welfare which holds that plaintiff was not suffering from a qualifying disability beyond the period extending from August 4, 1966 to August 22, 1967 [1] and was therefore not entitled to the continuance of a period of disability or to the continuance of disability insurance benefits.

On December 2, 1966 claimant filed an application for disability insurance benefits wherein he alleged that he became unable to work on August 4, 1966 because of "peritonitis-operation of gall bladder" (Tr. p. 36). The Bureau of Disability Insurance denied this applica-

1. The last entitlement payment to be made through October 1967.

tion by notice to claimant dated February 16, 1967 on the ground that he did not meet the disability requirement. Dissatisfied with the determination made on his claim, plaintiff filed a request for reconsideration on May 16, 1967 stating as his reason for disagreement the fact that he "underwent surgery anew last week. My physician has told me definitely not to consider strenuous work in the future or at least for a long time" (Tr. p. 56). Upon reconsideration the Social Security Administration considered the medical evidence then surrounding his claim which revealed gall bladder surgery, a herniorrhaphy performed on May 15, 1967 to correct an incisional hernia and a physical examination made on August 22, 1967 by Dr. Pedro J. Rullán, surgeon, which described Manuel Galán Aguila as a patient who had "fully recovered, is restored" (Tr. p. 72). On the basis of this medical history the Administration revised its initial determination denying the disability application and concluded as follows:

"M/E [medical evidence] shows that claimant has had a series of operations that have prevented claimant from all forms of S.G.A. [substantial gainful activity]. There we think reasonable a close period from 8/4/66 (date of first hospitalization) to 8/22/67, date of C/E when he has fully recovered from his condition" (Tr. p. 59).

Plaintiff received a notice dated January 1, 1968 which states,

"The records show that you became unable to work on August 4, 1966 due to a gall bladder condition requiring surgery. In May, 1967 you had an additional operation because of complications. However, when you were examined on August 22, 1967, your health was found to be improved so that you could return to your usual work activity."

Feeling that the reconsideration determination awarding him a closed period of disability was incorrect plaintiff filed a request for hearing which was received by the hearing examiner on December 12, 1967 alleging that "the hernia has reproduced again and I am scheduled for surgery again soon. I cannot lift any heavy object, exert force with my arms or legs, or bend because of pain. I simply cannot work" (Tr. p. 19). A hearing followed and a decision unfavorable to plaintiff was rendered on June 28, 1968 denying the continuance of a period of disability beyond the closed period of August 4, 1966 to August 22, 1967. Said decision was upheld by the Appeals Council.

Briefly summarized these were the proceedings which took place in the present case before it reached the stage of judicial review. The Court must carefully consider the personal history of claimant, the medical evidence and the evidence concerning his ability to engage in substantial gainful activity in order to determine if the Secretary's findings are supported by substantial evidence.

Manuel Galán Aguila, 45 years old at the time of the hearing, is a wage earner who has worked in the sugar cane fields since the age of sixteen. Cutting, weeding and fertilizing sugar cane is the only job he knows. He is illiterate and unskilled. Claimant has been unemployed since his first operation on August 4, 1966. It is alleged that the hernia condition which followed that first operation has recurred and he has remained unemployed although he would like to "be able to work in order to help out" (Tr. p. 35).

The medical evidence on record shows that plaintiff was discharged from the Arecibo District Hospital on August 22, 1966 as recovered following nineteen days of hospitalization after surgery for gangrene of the gallbladder with bile peritonitis. Plaintiff was referred to Dr. Marino Blasini Rivera for a disability evaluation and on January 31, 1967 he observed:

"This patient is a good candidate for surgical correction of the incisional hernia that is producing disability on him. Hospitalization time two to

three days. In six to eight weeks patient will be able to resume his usual work. I don't believe this patient is disabled due to this condition." (Tr. 67)

On May 15, 1967 this incisional hernia present in the mid abdomen along the scar of the previous operation was repaired. Plaintiff was discharged in apparently good condition.

Dr. Pedro J. Rullán, surgeon, who examined claimant on August 22, 1967 reported that the abdominal scar was "well healed without evidence of hernia" and described him as "fully recovered * * * restored" (Tr. p. 72). It is this report which served as basis for discontinuing the disability benefits awarded during a period of slightly over a year.

At the hearing the examiner recommended that claimant undergo a gastrointestinal examination at government expense (Tr. p. 34). Dr. José M. Berio, a gastroenterologist, examined him on March 18, 1968 and discovered an incisional area in the abdominal area. It was his opinion that Mr. Galán had "no limitations for walking, stooping, squatting, bending, light lifting, climbing stairs, sitting, standing, driving vehicles or using public transportation" and advised "strenuous physical activities should be avoided because of the incisional hernia, which should be corrected. Maximum improvement could be achieved within three months after surgery. A satisfactory functional restoration is expected."

Finally, plaintiff had an admission order to the Arecibo District Hospital for surgical correction of the incisional, recurrent hernia. After the hearing, an investigator of the Social Security Administration inspected the record kept of Mr. Galán at the Arecibo District Hospital and reported that according to it claimant was last seen on February 7, 1968 and given an admission order for surgery on March 25, 1968 but "there [was] no further information in the record." (Tr. p. 78). The investigator also checked the admission book and the surgery ward to no avail and ended its report of contact dated June 6, 1968 concluding that "Mr. Galán Aguila has not been admitted to the hospital for surgery on 3.25.68 or afterwards" (Exhibit 21, Tr. p. 78).

As can be seen from plaintiff's medical history and the events reviewed herein, the incisional hernia which was the basis for his request for a hearing before an examiner was the same impairment which entitled him to benefits, although for a closed period, upon reconsideration by the Administration. The Court cannot agree with the view contained in the examiner's opinion where it is stated:

*"Unfortunately in some cases a hernia is a recurrent type of impairment and the claimant did experience a recurrence of this impairment so that by March 25, 1968 he was supposed to be admitted to the hospital to have his condition corrected through surgery, but apparently the claimant did not consider his condition so serious as to either warrant or necessitate surgical intervention because he did not enter the hospital for the required treatment.* The history of the claimant's medical treatment between August 4, 1966 and the present time, *except for the recurrence of the incisional hernia,* is one of a continued progression in health with a final conclusion by Dr. José M. Berio on March 18, 1968 that the claimant has no limitations for walking, stooping, squatting, bending, light lifting, climbing stairs, sitting, standing, driving vehicles, or in the utilization of public transportation. *It is recommended only that the claimant avoid strenuous physical activity until his incisional hernia is corrected"* (Tr. p. 14). (Emphasis supplied)

It was unfair to claimant's best interests to conclude that "apparently [he] did not consider his condition so serious as to either warrant or necessitate surgical intervention" without further inquiring into plaintiff's motives

for not submitting to a third operation. It must be remembered that it was plaintiff, on his own, who sought further treatment in 1968 for his hernia condition resulting in an admission order for surgery on March 25, 1968. The hearing examiner should not have satisfied himself with sending an investigator to inspect the hospital records which apparently revealed that surgery was not performed on the date scheduled or thereafter. An express administrative finding was due as to the voluntariness of the refusal to accept surgical treatment and the motives he may have had for not undergoing surgery as planned. A new hearing on this issue should have been held or sufficient evidence obtained and made a part of the record demonstrative of the fact either that this man couldn't submit to surgery on the date indicated for a medically acceptable reason or that he voluntarily refused when the same represented no danger to him. The record is devoid of any evidence which would permit one to conclude one way or the other. The examiner's opinion on this particular point, based on mere speculation, penalizes the claimant for his failure to report to surgery without having a factual basis for his contention. In Morse v. Celebrezze, 235 F. Supp. 810, 813 (E.D.La., 1964) the Court remanded the case for further administrative action when "the Secretary * * * failed to make a satisfactory finding on a determinative issue, namely, whether under all the circumstances and in light of competent medical evidence the claimant's refusal to submit to the 'suggested' surgery was reasonable."

Furthermore, the examiner's observation that "the history of the claimant's medical treatment * * * except for the recurrence of the incisional hernia is one of continued progression" makes light of this impairment. It ignores the fact that the Administration initially denied plaintiff's benefits application which gave "peritonitis-operation of gall bladder" as the sole disabling condition yet upon reconsideration the original determination was modified when claimant alleged that he had been suffering from an incisional hernia which required surgery for its correction. Upon considering this additional operation a closed period of disability was awarded. Plaintiff has now alleged and proved that the incisional hernia has recurred preventing him from performing his usual occupation. This fact is accepted by the examiner in his decision where it is stated that "as the claimant continues at the present time to have an incisional hernia it would be inadvisable for him to perform work in the sugar cane fields during the harvest season which in the main consists of cutting and loading sugar cane * * *" (Tr. p. 15). Although admitting that the hernia impairment which once entitled claimant to benefits was the cause of the present disability which precluded him from following his regular work and without further inquiry into claimant's failure to submit to his third operation, the examiner has found that plaintiff is not disabled from carrying on other types of activities. To this end he observed that Mr. Galán "does retain the physical residual capabilities to work during the off season either weeding or fertilizing the land" or in "the planting and harvesting of minor food crops [which] would be greatly facilitated by his past experience in the planting and harvesting of sugar cane * * *" (Tr. p. 15).

■ It is well settled that when a disability benefits applicant establishes that his condition does not permit him to return to his former employment, the burden of proof shifts to the Secretary to show that he can still engage in some other type of substantial gainful activity within his competence. Gentile v. Gardner, 298 F.Supp. 1401 (W.D.Penn., 1969); Mullins v. Cohen, 408 F.2d 39, 40 (6th Cir., 1969). In the *Mullins* case the Court of Appeals remanded the matter because a proper determination of whether claimant could engage in some other substantial gainful work "was highly dependent upon the testimony of a vocational witness who had no oppor-

tunity to consider the reports of the additional physical and mental examinations."

 The hearing examiner's consideration of the availability of substantial gainful employment falls far from meeting the burden of showing that there existed other jobs for which claimant was still suitable despite his admitted physical infirmity. There was no testimony whatsoever adduced at the hearing by a vocational expert. Oral testimony elicited from claimant by the examiner during the hour long hearing, the only evidence relative to his work experience[2], reveals that claimant was given work weeding and fertilizing the sugar cane for a day or two a week during the off season. Claimant answered in the negative when asked whether he ever worked on his account or for some employer in the planting and harvesting of minor food crops. Having no other basis but this for his conclusion the examiner nonetheless found that claimant retained physical residual abilities to work either during the off season or in the cultivation of minor food products. It is clear from claimant's own testimony that the off season period supplied work only for a day or two a week. Certainly this cannot be considered work which is both gainful and substantial. As to the harvesting of minor food products this is an activity in which claimant is inexperienced and different indeed from the cutting of sugar cane. Finally, it is at least doubtful to expect an unskilled laborer whose work has been limited so as to bar him from strenuous labor to engage in the activities described by the examiner.

Upon considering the entire record the Court is convinced that the present case must be remanded to the Secretary for reconsideration of the alleged failure to submit to corrective surgery and the issue of availability of substantial gainful employment within the competence of a man who is admittedly suffering from an impairment that has disabled him from performing his previous occupation. A remand is needed in this case in order to obtain a fair and complete adjudication of all aspects of plaintiff's claim.

It is so ordered.

2. The oral testimony referred to appears on pages 27–28 of the transcript.