**Harley O. GARRETT, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 20038.**

United States Court of Appeals, Sixth Circuit.

Dec. 22, 1970.

Thomas A. Luken, Cincinnati, Ohio, for appellant.

Byron E. Trapp, Cincinnati, Ohio, William W. Milligan, U. S. Atty., Norbert A. Nadel, Asst. U. S. Atty., Cincinnati, Ohio, on the brief, for appellee.

Before WEICK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Harley O. Garrett, appeals from a judgment of the United States District Court for the Southern District of Ohio, Western Division, which affirmed the Decision of the Secretary of Health, Education and Welfare, denying appellant's claim for social security benefits. The Secretary's decision affirmed a decision of one of its hearing examiners, made after a hearing at which appellant was represented by counsel.

We reverse because we consider that the hearing examiner's Decision is not supported by substantial evidence.

Application for benefits was filed March 23, 1967. Judgment affirming denial was entered September 24, 1969. Garrett's record of health difficulties began in 1945 when he was discharged from the army with a diagnosis of hypochondriasis; since then he has been receiving $60 per month on the basis of a service-connected disability. For a while this allowance was reduced to a 10% disability allowance, but the original 30% allowance had been restored at the time of the decision which we consider. He described the service-connected disability as nervousness.

Harley Garrett, now 62 years of age, has an eighth grade education. After World War II he took a training course through the GI Bill of Rights and was trained on the job as a machine repairman. He has periodically worked in such capacity and as a machine operator and as a maintenance man. Over the past 35 years, appellant has also worked periodically as a self-employed painter and interior decorator.

Appellant first injured his back in 1955 when, while working for Ford Motor Company as a machine repairman, the ladder on which he was standing collapsed, causing him to fall on his back

on top of the ladder. He suffered fractured ribs and vertebrae and a laceration of his right leg. He was hospitalized for more than a month with both leg and back casts. Following this, and as a result of such injuries, he was off from work for two years. The second back injury occurred in 1960 while working for Buck Equipment Company, building elevating equipment or hoists. In the process of helping a fellow employee unload "I" beams from a tractor trailer, the other man, coming out of the truck, dropped his end of the beam and much of the weight shifted onto appellant. Garrett suffered a severe back strain and contusions. Since that time appellant has complained of increasing pain and his condition gradually worsened until he finally became unable to work on August 12, 1966.

Prior to the date when, as he claims, he became totally disabled, Garrett was employed painting the exterior of a house. This had been his occupation for a substantial part of his working years. During the four years immediately preceding the date of the claimed onset of total disability, appellant was for a short period a hospital maintenance man and for periods of six months and two years, respectively, he was employed as the manager of an apartment building. He testified that included in his duties as apartment manager were such tasks as repair of the heating unit and maintenance of the electrical and plumbing installations, as well as cleaning, particularly after an occupant had vacated an apartment. His testimony that such work required lifting, carrying, stooping and bending, was in no way challenged. Immediately prior to the examiner's hearing, Garrett had been receiving from the Ohio Workmen's Compensation Bureau payments for temporary total disability because of his back condition. Also at the time of the social security hearing, his claim for permanent total disability was pending before the Ohio Bureau.

In addition to Garrett's own testimony descriptive of his injuries and disabilities, seven medical reports are included in the record. None of these, including those made by doctors who examined Garrett for the Secretary, assert that he would be able to resume house painting or the duties involved, as set out above, in his work as manager and maintenance man of an apartment building. None of the reports belittle his claim of nervous involvement, combining with whatever were the physical consequences of his industrial traumatic experiences. The doctors who considered his claim of disability agreed that he suffered from a psychoneurotic disorder. One detailed an anxiety reaction; the other a depressive reaction. Both felt he needed psychiatric therapy. The earlier examiner felt his functional capacity was only moderately impaired, the other more recent examiner was much more guarded, stating that the outlook was not as good as in the past though he might, with treatment, still rally with occasional periods of industrial productivity.

The Secretary's two orthopedic reports concluded that, despite appellant's back and spine disorders, "he probably could function at a light type of work, which did not include bending or straining" and "that this man has definite functional capacity and is capable of carrying out any type of work which does not require heavy lifting or excessive stooping or prolonged manipulations of the cervical spine."

The physician treating Garrett for the past seven years found him "permanently and totally disabled from any competitive industrial occupation." Another orthopedic examiner for the Ohio Workmen's Compensation Bureau found him "permanently totally disabled."

■ Garrett, himself, testified that he could not even do the lightest house work without having to lay down on the floor or couch for two hours and take pain pills. His wife corroborated this, saying that when he does something around the house he gets "real fainty" and has to lay down on the floor. No lay or professional witness suggested

that there was any element of malingering. Neither did the hearing examiner. The examiner's critical and dispositive finding is that,

> "The claimant has the residual capacity to engage in work similar to his prior occupation of management of an apartment house and also to do light maintenance work."

Such finding is not supported by substantial evidence. The most favorable view of appellant's functional capacity, provided by the Secretary's medical examiners, restricts him to light work not requiring bending, straining, or heavy lifting. It is undisputed that his duties as maintenance man required him to do what these doctors said he could not do. Aside from appellant's own testimony, no vocational evidence was offered by the Secretary. Appellant's uncontradicted testimony established that his previous apartment managerial positions included "all maintenance duties." And no evidence was offered to suggest that apartment manager positions were available which required no such maintenance work, but consisted solely of collecting and banking the rent.

■ The burden is on the applicant initially to establish his entitlement to disability benefits under the Act. May v. Gardner, 362 F.2d 616, 617 (6th Cir. 1966); Erickson v. Ribicoff, 305 F.2d 638, 640 (6th Cir. 1962). Under a rule of this and other circuits, an applicant makes a prima facie case by showing that he is unable to work at his usual occupation. The burden then shifts to the Secretary to produce evidence that will justify a finding that there is available some other kind of "substantial gainful employment" applicant is able to perform. Goad v. Finch, 426 F.2d 1388, 1390 (6th Cir. 1970); Mullins v. Cohen,

408 F.2d 39, 40 (6th Cir. 1969); Davidson v. Gardner, 370 F.2d 803, 823 (6th Cir. 1966); May v. Gardner, 362 F.2d 616, 618 (6th Cir. 1966); Slone v. Gardner, 355 F.2d 485, 486–487 (6th Cir. 1966); Carden v. Gardner, 352 F.2d 51, 52 (6th Cir. 1965); Massey v. Celebrezze, 345 F.2d 146 (6th Cir. 1965); Ratliff v. Celebrezze, 338 F.2d 978, 983–984 (6th Cir. 1964).

The Secretary here relies upon a corollary rule:

> "[T]hat where the Secretary has found from the evidence that the claimant is able to engage in a former trade or occupation, such a determination 'precludes the necessity of an administrative showing of gainful work which the appellant was capable of doing and the availability of any such work'". Carden v. Gardner, 352 F.2d 51, 52 (6th Cir. 1965).

■ For such rule to apply, however, there must be substantial evidence to support the Secretary's finding that appellant is able to engage in a former occupation.

Appellant has proved that he is unable to engage in his former occupation. Appellant's description of his duties as apartment manager constitute more than "light maintenance work." Since the Secretary offered no proof and made no finding as to other kinds of substantial gainful employment available to appellant, a denial of benefits cannot be supported.

The judgment of the District Court is reversed and the case is remanded to the Secretary of Health, Education and Welfare with directions that a period of disability and disability benefits be awarded to appellant in accordance with the Social Security Act.