Leona F. **BARTELL**, Plaintiff-Appellant,

v.

Wilbur **COHEN**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 18683.

United States Court of Appeals, Seventh Circuit.

June 24, 1971.

William A. Nohr, Milwaukee, Wis., for plaintiff-appellant.

David J. Cannon, U. S. Atty., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before MAJOR, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff-appellant, Mrs. Leona F. Bartell, commenced this action in federal district court pursuant to Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare which denied her disability benefits as provided in Sections 216(i) and 223 of the Act. 42 U.S.C. §§ 416(i) and 423.[1] Under the applicable definition of "disability" plaintiff must prove an " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 68 Stat. 1052. The district court granted

---

1. Counsel agree that plaintiff's claim extends from November 4, 1959, through June 30, 1964.

defendant Secretary's motion for summary judgment, holding that the Secretary's decision was supported by substantial evidence within the meaning of the Act. We disagree with this conclusion and reverse.

The plaintiff, a single woman, was born on a farm in Wisconsin in 1909 and has had seven years of formal education. In the late 1930's, plaintiff came to Milwaukee and engaged in housework until she became employed at Harley-Davidson Motor Company in 1942. She was employed by that firm from 1942 until September of 1958, when she was laid off. In October of 1959, she was recalled, sustained an injury, and was again laid off on November 4, 1959. During plaintiff's tenure of approximately 17 years with Harley-Davidson, she performed a number of jobs, including inspection, bench assembly work, and a long period of work on motorcycle switches.

Appellant sustained three industrial injuries in the course of her employment and attempted unsuccessfully to secure workman's compensation for the October, 1959, accident.[2] Following this action, plaintiff learned that Harley-Davidson was recalling workers with less seniority than she, and she demanded restoration of her previous position.[3] When Harley-Davidson refused this demand, plaintiff filed a grievance with her union and with the Wisconsin Employment Relations Board; however, the Board deemed the firm's action to be proper on the ground that plaintiff's health prevented her re-employment. Undaunted, but perhaps wary, plaintiff, on November 4, 1965, filed an application for disability insurance benefits[4] which was denied administratively. The plaintiff then requested and was granted a hearing before a hearing examiner of the Bureau of Hearings and Appeals,

Social Security Administration. The hearing examiner entered a *de novo* decision denying benefits, which became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council of the Bureau of Hearings and Appeals denied plaintiff's request for review.

Judicial review of a decision of the Secretary of Health, Education and Welfare is confined, by Section 205(g) of the Act, to determining whether there is substantial evidence in the administrative record to support the decision. Moon v. Celebrezze, 340 F.2d 926 (7th Cir. 1965). Since the hearing examiner concluded that plaintiff's disability "was not of such severity during the pertinent period as to preclude her from resuming her normal work activity," we must, in essence, determine whether there is substantial evidence to support the conclusion that plaintiff's physical condition did not prevent her from securing a position similar to the one she held with Harley-Davidson. There is no medical evidence in the record which supports the hearing examiner; instead, the examiner's decision rests on what he termed "objective medical evidence." In this regard, reference is made to the following factors: (1) plaintiff attempted to return to work with Harley-Davidson; (2) plaintiff did not seek other employment when she was refused her position with Harley-Davidson; (3) plaintiff could stand, walk and squat; and (4) plaintiff required no in-patient hospitalization.

▮▮▮ Factors (1) and (2) appear immaterial to the question in this suit since plaintiff's attempts to secure employment are relevant only to her motivation and not to whether she was, in fact, disabled; however, assuming materiality, they are obviously inconsistent. Counsel for defendant apparently re-

2. Her claim was denied by the Industrial Commission of the State of Wisconsin in an unreported opinion.

3. Before making the demand, plaintiff returned to her treating doctor for a medical release and was told that "the com-

pany don't want you" and "you know you can't do that work."

4. Prior to the instant claim, plaintiff filed another application which was denied and which is not before this court.

quests this court to conclude that plaintiff was not disabled because she sought to regain her former position, and that she was not disabled, but merely indolent, because she did not seek other positions. By this mode of reasoning, a claimant would disclose the insubstantial nature of his disability by either seeking employment, or not seeking it. The law has not "progressed" to such a state. Surely, an objective analysis of Harley-Davidson's refusal to re-employ the plaintiff, a woman with 17 years of experience, and its success before the Wisconsin Employment Relations Board, militate against the conclusion that plaintiff was capable of performing her "normal" work with either Harley-Davidson or another firm.

■ Thus, the decision of the hearing examiner must rest on factors (3) and (4), neither of which is substantial when one considers the plaintiff's malady—spinal arthritis. Two physicians, one of whom was plaintiff's treating doctor, stated that she was completely unemployable. No physician is on record as believing that plaintiff is capable of performing her former job, or any job. Yet, the hearing examiner, finding that plaintiff could stand, squat and walk, concluded she could perform her former job. This simply disregards documented evidence that plaintiff had limited motion in the cervical spine, weakness and tremors of the upper extremities, and stiffness in the neck. There is no contention that light factory work does not include bending, moving one's neck and using one's arms; there is also no doubt that plaintiff could not adequately perform these tasks. The hearing examiner was not free to pick and choose among the physical requisites of plaintiff's job, and then decide the case on the basis of only some of the job characteristics. Smith v. Gardner, D.C., 251 F.Supp. 262, 267 (1966).

■ The final basis for the examiner's decision is the absence of in-patient treatment of the plaintiff. Yet, counsel for defendant does not, and could not, claim that one must be hospitalized to obtain disability benefits.[5] Teeter v. Flemming, 270 F.2d 871, 874 (7th Cir. 1959). Obviously, hospitalization is cogent evidence that an applicant is disabled; however, the absence of hospitalization for degenerative arthritis is not substantial evidence that an applicant can perform a specific occupation.

■ For the foregoing reasons, we conclude that the decision of the hearing examiner is not supported by substantial evidence. The question remains as to proper disposition of this action. Unfortunately, this is not a case in which a remand to the hearing examiner would resolve the question of plaintiff's potential for other employment.[6] Additional evidence would have to be taken, and the plaintiff would have to prove that her medical condition prevented her from engaging in other forms of employment. This hearing would occur almost seven years after the initial one and would be concerned with plaintiff's medical condition as of 1959.[7] Since medical witnesses may have passed away, moved out of the area, or exhibit reluctance to testify to "stale" recollections, there is a substantial possibility of prejudice to the plaintiff. In addition, we note that the Secretary, at the initial hearing, chose not to introduce evidence relevant to plaintiff's general employability. The effect of this decision on plaintiff is to cause her to litigate for six years through five tribunals without receiving a final adjudication. While we are sympathetic to the demands faced by the Social Security Administration, we feel

5. See Social Security Disability Applicant Statistics, Office of Research and Statistics, 1964, Social Security Administration, December, 1966, at p. 5.

6. Counsel for defendant concedes as much at page fourteen of his brief: "We agree there is no evidence of additional employment opportunities available to plaintiff. There was no need for any such evidence. The Examiner found her able to engage in her previous employment, light bench or table work in a factory."

7. See n. 1, *supra*.

84

that sound judicial policy dictates initial and complete resolution of factual issues by the fact-finding body. Where that is done, albeit erroneously, we would not hesitate to remand in most situations; where that is not done, a remand would work a considerable hardship on impecunious applicants such as the plaintiff. Under 42 U.S.C. § 405, we have authority to affirm, modify or reverse the Secretary, "with or without remanding the cause for rehearing." Congress has thus invested the federal judiciary with the power to weigh competing factors, such as those enumerated above, in reaching a decision. Garrett v. Finch, 436 F.2d 15 (6th Cir. 1970); Colwell v. Gardner, 386 F.2d 56 (6th Cir. 1967); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Bradley v. Gardner, D.C., 260 F.Supp. 796 (1966). Accordingly, we reverse the decision below with instructions to enter judgment for the plaintiff.

Reversed.

Stevens, Circuit Judge, dissented and filed opinion.