James E. MARTIN, etc., Plaintiff,

v.

Caspar W. WEINBERGER, etc., Defendant.

No. CIV–4–74–10.

United States District Court, E. D. Tennessee, Winchester Division.

Aug. 1, 1975.

Thomas H. Strawn, Jr., Tullahoma, Tenn., for plaintiff.

Ray Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for the judicial review of the decision of the defendant administrator, 42 U.S.C. § 405(g), denying the plaintiff's claim for a surviving child's disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 402(d), 423. Both parties moved for a summary judgment. Rule 56(a), (b), Federal Rules of Civil Procedure.

The plaintiff's current application for benefits under such act was filed on March 17, 1972, alleging that he was unable to engage in substantial employment due to nerves and epileptic seizures. The claim was denied initially and on reconsideration. An administrative law judge also denied the application on October 12, 1973. This became the final decision of the defendant administrator, when an appeals council denied the plaintiff's request for a review.

The administrative law judge found *inter alia:*

\* \* \* \* \* \*

3. The [plaintiff] is a 43 [sic: 40] year old furniture store worker and service station attendant with a ninth grade education.
4. The [plaintiff's] impairments are mental retardation, epilepsy, and hypertension.
5. The [plaintiff's] impairments, when considered in the light of his age, education and work experience do not prevent his engaging in substantial gainful activity.

\* \* \* \* \* \*

The plaintiff had the burden of proving his disability within the meaning of the Act. 42 U.S.C. §§ 416(i), 423; *Osborne v. Cohen,* C.A.6th (1969), 409 F.2d 37, 39[2]. This Court may determine only whether the Secretary's findings are supported by substantial evidence. *Ingram v. Richardson,* C.A.6th (1972), 471 F.2d 1268, 1271[4]. " \* \* \* We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison*

98

Co. v. Labor Board [(1938)], 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126. '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' Labor Board v. Columbian Enameling & Stamping Co. (1939), 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660, 665. * * * " Consolo v. Federal Maritime Com. (1966), 383 U.S. 607, 619–620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131, 140–141 (headnote 9). Applying these criteria, there is substantial evidence in this record to support the findings of the examiner that the plaintiff Mr. Martin was not under a disability.

The plaintiff was born February 24, 1933 and, although he continued in school through the ninth grade, he was evidently promoted socially rather than on merit. Even though he can read some, Mr. Martin never was able to master the difficulties of simple mathematics. He has lived at home throughout his lifetime and has helped his parents in a gasoline service station and furniture store, by performing simple manual labor.

The medical evidence herein is not in conflict. Mr. Martin's medical history reveals that he has variously suffered from rheumatic fever, St. Vitus dance, epilepsy and mental retardation. A medical report of April 8, 1972 of Dr. C. H. Farrar, a general surgeon, indicates that, although no special studies or laboratory tests were performed, Mr. Martin suffered from epilepsy, the severity of which was not indicated. On April 26, 1972, Dr. George E. Copple, a clinical psychologist, reported that Mr. Martin had a full scale IQ of 61 (mental defective) and further:

*    *    *    *    *    *

It is reported that this patient had numerous rather serious illnesses as a child and that this interfered to some extent with the development of more adequate social interactions. At the present time he stays at home at night and watches television and actually has rather limited social contacts. This, of course, is also a function of the mental deficiency.

At best this patient seems to be capable of only marginal employment. However, he might be of sufficient value to other employers, even if his father were not employing him, to justify the minimum wage. He does not seem to have any particular problems of disposition or temperament that would interfere with employment. Undoubtedly his father makes more allowance for him than a stranger would, but it is just not clear whether he could make the grade in truly public employment or not.

This patient is not capable of handling his own financial affairs.

*    *    *    *    *    *

A report of March 28, 1973 from Dr. A. M. Schneidmuhl, a psychiatrist, indicated in part:

*    *    *    *    *    *

* * * The claimant is said to have a "slight speech impediment" which apparently does not result in restriction of function. The claimant is said to have "epileptic seizures" and is apparently taking phenobarbital and Dilantin. * * * It should be mentioned that the claimant does help in his father's business, has a driver's license, drives a truck, and delivers furniture. * * *

*    *    *    *    *    *

Dr. Schneidmuhl suggested further neurological studies. On April 5, 1973, Dr. Kurt Nussbaum, a psychiatrist and neurologist, concurred in the opinion that further neurological studies should be performed to determine the extent of limitation suggested by the theretofore alleged epilepsy.

Finally, on May 15, 1973, Dr. C. David Scheibert, a neurologist, reported in pertinent part:

*    *    *    *    *    *

The patient's studies over the years have indicated some degree of mental retardation without personality or other disorders. Seizure control has been good. No further special neurological study is felt indicated with the patient scheduled to have an EEG at Vanderbilt Hospital

this afternoon. It is felt that this patient is capable of carrying out moderately heavy work under supervision since he may not be able to take much responsibility upon himself and it has been felt by Dr. Copple that he is incapable of handling his own financial affairs. It is hoped that while on medication, the patient will have no further seizures but his work activity should be somewhat guarded in so far as not being dangerous to himself or others should a seizure occur.

\* \* \* \* \* \*

Mr. Benjamin C. Johnston, a vocational expert, testified at the hearing herein, and testified that, based upon all the evidence in the record, including that presented at the hearing, Mr. Martin could perform certain jobs on a sustained basis which were generally available throughout the national economy. Among the jobs mentioned by Mr. Johnston were: material handler, truck driver's helper, janitorial or custodial duties, service station attendant (where only simple manual labor is involved and excluding making of change, etc.), and work in cleaning crews.

▆▆▆ It is evident from the foregoing that there is substantial evidence in this record to support the Secretary's decision that the plaintiff Mr. Martin was not disabled, even though this Court might have reached a different conclusion. The burden of proof was on Mr. Martin to prove his entitlement to disability benefits under the Act. *Garrett v. Finch,* C.A.6th (1970), 436 F.2d 15, 18[2]. The Secretary and his administrative judge are given the power to weigh and evaluate the evidence where there is a conflict. *Lane v. Gardner,* C.A.6th (1967), 374 F.2d 612, 616[2]. A condition which improved and is reparable may not be considered as disabling. *Henry v. Gardner,* C.A.6th (1967), 381 F.2d 191, 195[7], certiorari denied (1967), 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487, rehearing denied (1968), 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864.

The findings of the Secretary must, therefore, be affirmed. The pleadings and exhibits, showing that there is no genuine issue as to any material fact, and that the defendant is entitled to a judgment as a matter of law, the plaintiff's motion for a summary judgment hereby is DENIED; the defendant's motion for a summary judgment hereby is GRANTED, Rule 56(c), Federal Rules of Civil Procedure; and judgment will enter affirming the decision of the defendant. Rule 58(1), Federal Rules of Civil Procedure.