**Anna C. PASTUCH**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

Civ. A. No. 74–432.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1975.

James A. Alexy, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

BECHTLE, District Judge.

Before the Court are cross-motions for summary judgment in an action brought pursuant to § 205(g) of the Social Security Act, *as amended*, 42 U.S.C. § 405(g), for judicial review of the Secretary's denial of plaintiff's claim for disability insurance benefits under the Act. The sole question presented by the motions is whether there is substantial evidence to support the Secretary's finding that plaintiff's physical impairments were not of such severity as to preclude her from engaging in substantial gainful activity.

■ The Secretary concedes that plaintiff has: (1) bilateral adhesive capsulitis of both shoulders consistent with her age; (2) a mild degenerative disc disease involving the intervertebral space between the C–5 and C–6 segments of the cervical spine, with a mild degree of neural encroachment accompanied by some pain on motion; (3) fibrositis (extraarticular rheumatism); and (4) a mild to moderate hypochondriacal neuroses. The Secretary also agrees that she is unable to return to her former employment as a sewing machine operator, an occupation she pursued for twenty-five years. Thus, she made out a prima facie case for benefits, requiring the Secretary to come forward with evidence demonstrating that her impairments were not of the degree which would entitle her to benefits. *Garrett v. Finch,* 436 F.2d 15, 18 (6th Cir. 1970).

A vocational expert testified that there existed in the national economy, and within reasonable proximity to plaintiff's home, a number of substantial, gainful jobs which could be performed by a person of plaintiff's age, education, work experience and physical condition without serious aggravation to her health. The Secretary found that comprehensive orthopedic evaluations in 1971, 1972 and 1973 failed to show that she was suffering from rheumatoid or significant degenerative arthritis or that her musculo-skeletal restrictions were totally incapacitating.

On the basis of this evidence and finding, the Secretary concluded that plaintiff has the physical and mental capabilities to perform the sustained, gainful, light or sedentary jobs enumerated in significant number by the vocational expert. He found that these jobs did not involve heavy lifting or exposure to drafts or cold air and did not require a great deal of neck motion. The Secretary went on to ultimately conclude that plaintiff is not entitled to disability insurance benefits under the provisions of § 223 of the Act, 42 U.S.C. § 423.

■■ Plaintiff contends that the Secretary, since he admits that she is unable to return to her former employment or do any work that requires fine manual dexterity, has not met his burden of showing that there is "some other specific area of employment available" to her or of "finding suitable employment" for her. The Secretary's burden does not go that far. *Farmer v. Weinberger,* 368 F.Supp. 1, 4 (E.D.Pa. 1973). Counsel for plaintiff took the above approach in cross-examining the vocational expert witness called by the Secretary to meet his burden of showing that there are jobs in the national economy which plaintiff can perform. *See, e. g., Longo v. Weinberger,* 369 F.Supp. 250, 256 n. 3

(E.D.Pa. 1974). The administrative law judge explained that the expert was not testifying about the availability of specific jobs or whether plaintiff would be hired if she were to apply for them, but only of the existence of jobs in the Philadelphia-Camden area which could be performed by her (Tr. 94, 104). This was a correct explanation. *Gold v. Weinberger,* 473 F.2d 1376, 1378 (5th Cir. 1973); *Jackson v. Richardson,* 449 F.2d 1326, 1330 (5th Cir. 1971). It is true that the expert stated that a personal inability to withstand drafts and air conditioning, which plaintiff has, would diminish a person's chances of employment. Nevertheless, that expert agreed that some employers would make special accommodations for such an employee.

It is also true that this same vocational expert, when asked by plaintiff's counsel whether an individual who, because of subjective pain, was unable to perform on a consistent basis the sort of sedentary activities enumerated by the expert would fit into the category of persons having jobs available in significant number, stated: "I would say that no she could not perform under any regular consistent basis that would be acceptable to an employer." (Tr. 107–108.) This answer does not support plaintiff's position for two reasons. First, it was in answer to a hypothetical question, the assumed facts of which did not fit those of plaintiff's condition. Second, the Secretary failed to find that plaintiff's pain was continuous and not subject to medical control or that she could perform the activities only sporadically.

Lastly, plaintiff points out that, after the administrative law judge rendered his decision denying benefits, an orthopedic surgeon who examined her on April 18, 1973, at the Secretary's request, suggested that a rehabilitation program for four months in some medical institution would be of benefit to her. Also, a psychiatrist who examined her on July 19, 1973, on a consultative basis, recommended that she undergo psychotherapy for six months. The Appeals Council of the Social Security Administration did not specifically address itself to this issue in its decision of December 27, 1973. However, it concluded that plaintiff retained "the physical and mental capacity to perform those light or sedentary jobs enumerated by the vocational expert." (Tr. 10.) That appellate body may have agreed, if it were asked to make a finding on the point, that rehabilitation treatment and psychotherapy would help plaintiff. Nevertheless, it found that her present condition was not such as to support a finding that she was disabled within the meaning of the Act. There is sufficient evidence in the record to support the decision of the administrative law judge and that of the Appeals Council.

The Secretary's motion for summary judgment will be allowed and the plaintiff's cross-motion for similar relief will be denied.