**Guy P. COX, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 671752.

United States District Court,
E. D. Michigan, S. D.

Feb. 26, 1979.

**1196**

Levine & Benjamin, Detroit, Mich., for plaintiff.

James K. Robinson, U. S. Atty., E. D. Mich., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

DeMASCIO, District Judge.

When this cause was first before the court on plaintiff's motion for summary judgment, we held that the defendant had misapplied the burden of proof in making his findings. After finding that the plaintiff could not return to his usual employment, the Secretary of Health, Education and Welfare denied the plaintiff benefits because the evidence *failed* to establish that plaintiff could not perform sedentary work. The language of the relevant finding made it apparent that the administrative law judge may have required the plaintiff, rather than the Secretary, to prove that plaintiff could not engage in any type of substantial employment. Finding No. 8, Tr. at 19. We remanded the case to the Secretary so that the presiding officer, who had heard the testimony and reviewed the exhibits, could reconsider the evidence to determine whether the Secretary had in fact carried his burden of proof. Memorandum Opinion and Judgment, March 16, 1978.

On remand, the administrative law judge recognized that the court remanded this cause "for the purpose of obtaining findings of fact which clearly reflect the proper burden of proof." He then added the following footnote:

> In the opinion of the Administrative Law Judge, the federal court has again used a technical point to avoid a substantive determination of cases arising under the Social Security Act by adding the proforma task of supplementing the original decision of the administrative law judge in cases such as this one of adding an additional finding to the decision. Such a finding is clearly implied by the overwhelming weight of the evidence that fails to show a "disability" as defined by the statute. Tr. at 135.

He then repeated the fact finding that caused the remand:

[T]he evidence, therefore, fails to establish that the claimant's impairments prevented him from engaging in one or more of the sedentary jobs . . . . Finding No. 8, Tr. at 136.

If the Appeals Council did not strike the footnote as immaterial and inappropriate and if it clearly appeared that the administrative law judge had obstinately refused to obey the order of this court, we would have no other alternative but to issue an order directing the administrative law judge to appear and show cause why he should not be held in contempt of our order. The record, however, is susceptible of the view that the administrative law judge is confused rather than deliberately contemptuous. For example, immediately after repeating his error in Finding No. 8 above, the administrative law judge concluded:

(9) Therefore, the Secretary of Health, Education and Welfare and his agents have established the claimant was not prevented from engaging in substantial gainful activity on or before the date of this decision . . . . Tr. at 137.

■ We cannot understand the logic of the administrative law judge. Certainly, Finding No. 9 does not flow from Finding No. 8. Indeed, we would draw the opposite conclusion. If the evidence *fails* to establish that the claimant could not perform sedentary jobs, we would conclude that the Secretary had not proved anything. Moreover, it would appear from the impertinent footnote that the administrative law judge views his task on remand as a "proforma" one. To the contrary, he should act as an independent agent of the Secretary to receive and to weigh evidence. After having done so, his written decision must clearly reflect that he required the Secretary as well as the claimant to carry the burden of proof delegated to them by law. The Sixth Circuit Court of Appeals has never affirmed the decision of the Secretary where it is not clear that the hearing examiner applied the proper "legal standard to the evidence." *Goad v. Finch*, 426 F.2d 1388, 1391 (6th Cir. 1970); *Garrett v. Finch*, 436 F.2d 15 (6th Cir. 1970); *Mullins v. Cohen*, 408 F.2d 39, 40 (6th Cir. 1969); *Davidson v. Gardner*, 370 F.2d 803, 823 (6th Cir. 1967); *Ratliff v. Celebrezze*, 338 F.2d 978, 983–84 (6th Cir. 1964).

■ Thus, our remand was not on a technical point and was not intended to require the Secretary or his agents to perform a perfunctory task. We cannot review the record and make our own factual determinations, since Congress delegated that task to the Secretary. We are required by law to remand a cause for proper factual determinations.

■ On remand, the Appeals Council issued an opinion that clearly indicates that it understood this court's initial opinion and used appropriate language in making its finding:

The Appeals Council further finds that the evidence of record affirmatively shows that the claimant has the residual functional capacity to engage in jobs of a light and sedentary nature . . . . Tr. at 132.

This presents a dilemma for the court because it now appears that the burden of proof has been properly applied. There are two reasons, however, why we cannot affirm the final decision of the Secretary. First, the Appeals Council did adopt the insufficient findings of the administrative law judge and could not have known whether he properly applied the burden of proof. Second, and more importantly, the Appeals Council's decision does not indicate that it acted as an independent finder of fact or that it conducted an independent review of the record to support the *only* finding it made to reflect compliance with the burden of proof. The Appeals Council did not receive any additional evidence upon which to base its decision. Thus, it does not appear that the Secretary has yet afforded this plaintiff a proper determination of disability or non-disability, from a finder of fact who understood the burden of proof. For all that appears, the Appeals Council did nothing more than rephrase the improper finding of the presiding officer.

The Secretary's own regulations provide the authority of the Appeals Council to

review the decision of the presiding officer. 20 C.F.R. § 404.947a provides:

(a) The Appeals Council . . . will review a hearing decision or dismissal where:

(1) There appears to be an abuse of discretion by the presiding officer;

(2) There is an error of law;

(3) The presiding officer's action, findings, or conclusions are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue which may affect the general public interest.

(b) Where new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the presiding officer's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.950 provides:

(b) *Court remanded case.* Where a case has been remanded by a court for further consideration, the Appeals Council may proceed to make the decision or it may, in turn, remand the case to a presiding officer with directions to return the case upon completion of the necessary action to the Appeals Council with a recommended decision for decision by the Appeals Council.

(c) *Decision on review.* The Appeals Council will issue a decision affirming, modifying, or reversing the hearing decision or issue an order to vacate such decision and remand the case to a presiding officer for rehearing and decision. *A decision of the Appeals Council shall be based upon the evidence received into the hearing record and such further evidence as the Appeals Council may receive, as provided in §§ 404.942, 404.948, and 404.-949. . . .* (Emphasis added.)

Thus, there is nothing in defendant's regulations that would permit the Appeals Council to make a single *de novo* finding of fact without an independent review of all the evidence received at the hearing and any additional evidence it received. Conse-

quently, we must adhere to our initial conclusion that the plaintiff has not yet received a decision on the merits of his claim from a finder of fact who was aware of the appropriate burden of proof.

Having concluded that plaintiff is entitled to a reversal, we must still determine what remedy is appropriate in this case. The plaintiff argues that the decision of the Secretary should be reversed and that he should be awarded disability benefits.

[Administrative law judge] Blum's misuse of judicial license in the handling of this case is a little more than a total disregard for Social Security Law and the remand instructions of the Federal District Court. He refuses to recognize and accept the fact that in his position as administrative law judge and the representative of the Secretary, it is his mandated function to "prove" residual employment capacity . . . . This attitude is exemplified [by his footnote] . . . . He remains defiantly wrong in this case, and it should be reversed. Twice [he] has had this case in his hands and twice he has failed to maintain his burden of proof. Plaintiff urges that an additional remand would be superfluous . . . . Plaintiff's brief at 8–9.

There is much to be said for plaintiff's argument. It is true, as plaintiff argues, that the initial finder of fact in this case has now twice determined what the evidence in the record fails to establish. There never has been a finding as to what the evidence does establish.

We have concluded, however, that the plaintiff is only entitled to a fair determination of the merits of his claim and that defendant's officers are eager and willing to abide by the law. Although plaintiff's experience is unfortunate, it is not the function of this court to award the plaintiff benefits unless there is not substantial evidence to support the denial of the benefits. Therefore, this cause will again be remanded to the Secretary for a determination, by a finder of fact, as to whether the Secretary has or has not met the burden of proof on the issue of residual capacity. Because

the presiding officer has had two opportunities to properly apply the burden of proof, the defendant Secretary will cause the Director of the Bureau of Hearings and Appeals to afford this plaintiff a hearing before a different presiding officer for determination of the issue remaining. We recognize that it consumes administrative time to again conduct a separate hearing. It is more important, however, that this plaintiff be assured that he has in fact received a proper hearing and decision by the person assigned to receive the evidence.

IT IS SO ORDERED.