765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAULINE MULLINS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 83-1479
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and TIMBERS, Senior Circuit Judge.*
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This is an appeal from the district court's decision affirming the Administrative Law Judge's opinion which sustained the Secretary's denial of disability benefits. The district court adopted the report and recommendation of the United States Magistrate Paul J. Komives. The appellant was last employed as a meet wrapper in 1973 and her insured status expired in June 1978. The application for disability benefits was filed on March 10, 1980, and the appellant submits that she is disabled because of bilateral numbness and tingling of the hands and fingers caused by carpel tunnel syndrome. Furthermore, she states that she has headaches and neck pain. The claim on appeal is that the denial of disability benefits is not supported by substantial evidence.
 
 
 3
 The decision of the Secretary is to be affirmed if it is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971); LeMaster v. Weinberger, 533 F.2d 337 (6th Cir. 1976). The claimant carries the burden of proof to show disability; if it is shown that she is unable to perform her former job due to her disability, the burden shifts to the Secretary to show that she is capable of performing some kind of substantial employment. Garrett v. Finch, 436 F.2d 15 (6th Cir. 1970). Substantial evidence is such as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, supra at 401.
 
 
 4
 In reviewing the medical evidence, the appellant's testimony and a testimony of a vocational expert, it appears the Secretary's denial of disability is supported by substantial evidence. The medical evidence reveals that the appellant has experienced numbness and tingling in her hands due to bilateral carpal tunnel syndrome. The appellant also had cancer of the neck in 1975 which necessitated the surgical removal of her thyroid gland. It appears that her physical impairment is such that she should avoid frequent grasping, pushing or pulling with her hands and avoid temperature extremes. Basically, she can perform gross manipulative movements with her hands. The vocational expert, Dr. Gerner, stated that the residual capacity to perform gross manipulative movements renders one with this type impairment capable of performing substantial gainful work within national economy. Specifically, one with like impairments can perform maid duties, operate certain press machines, work in food assembly and be employed as a pet shop attendant.
 
 
 5
 Accordingly, it is ORDERED that the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation