802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT BUSBY, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3640.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1986.
 
 1
 BEFORE: ENGEL and GUY, Circuit Judges, and SUHRHEINRICH, District Judge.*
 
 PER CURIAM
 
 2
 Plaintiff appeals from an adverse district court decision which upheld the Secretary's decision to deny disability benefits. The only question raised on appeal is whether the district court erred in concluding that substantial evidence supported the Secretary's decision to deny benefits. Upon a review of the record, we conclude as did Judge Manos that substantial evidence exists to support the Secretary's decision, and we affirm.
 
 
 3
 Unlike many social security appeals, we are not asked here to resolve a dispute predicated on conflicting medical opinions. The medical evidence is all generally to the effect that plaintiff, a 64 year old male, suffers from mild to moderate chronic obstructive lung disease.[1] Based upon this condition, the Administrative Law Judge (ALJ) determined that plaintiff could no longer perform his past relevant work. He also found that plaintiff did not have an impairment or combination of impairments listed in Appendix 1, Subpart P, Regulations No. 4, 20 C.F.R. Sec. 416.920(d). Thus, plaintiff could not be considered disabled without regard to vocational factors. Plaintiff has not challenged these findings. What plaintiff does specifically challenge is best ascertained from his appeal to the Appeals Council wherein he states relative to the ALJ's conclusions on non-disability:
 
 
 4
 This is improper. Claimant made out a prima facie case. There was no evidence offered to rebut his claim. Given the fact that he is unable to work and has been unable to work it would be sheer speculation on behalf of the Administrative Law Judge to conclude that he is not disabled. There was no evidence presented that the jobs did exist or that the claimant would be able to take the jobs set forth by the Administrative Law Judge such as a small part assembler in the electronics field, light bulb tester and office building porter.
 
 
 5
 (App. 116-117.)
 
 
 6
 There is no doubt that, as plaintiff argues, once plaintiff has shown that he is unable to perform his past work, the burden shifts to the Secretary to produce evidence that will justify a finding that there is available some other kind of "substantial gainful employment" which a claimant can perform. Garrett v. Finch, 436 F.2d 15, 18 (6th Cir. 1970).
 
 
 7
 Sometimes the Secretary meets this burden by calling a vocational expert, but he is not required to do so. 20 C.F.R. Sec. 404.156(e). In this case the findings were that there were no exertional limitations, and that claimant's non-exertional limitations did not significantly compromise his ability to perform work at all exertional levels. The substantial evidence that supports these conclusions is the lack of any medical evidence to the contrary. What plaintiff overlooks is that the reason the ALJ concluded that plaintiff could not perform his past relevant work was due to his inability to work around dust, fumes, or gases due to his chronic obstructive pulmonary condition. Inherent in that finding, however, is that this is the only limitation on the work that plaintiff can perform. When plaintiff argued to the Appeals Council that "[t]here is no evidence presented that the jobs did exist" (App. 117), the Appeals Council appropriately concluded
 
 
 8
 [t]hat the claimant's nonexertional limitations do not greatly erode the claimant's occupational base and, therefore, enumeration of specific jobs which the claimant can perform is not warranted in this case. Section 204.00 of Appendix 2, Subpart P, Regulations No. 4 provides, in pertinent part, that environmental restrictions ordinarily do not significantly affect the range of work existing in the national economy for individuals with the physical capacity for heavy or very heavy work. Social Security Ruling 83-13 further states that medical restrictions to avoid excessive amounts of noise, dust, etc., have a minimal impact on the broad world of work. In light of the above, the Appeals Council finds that considering the range of work at all exertional levels which the claimant is still functionally capable of performing, in combination with his age, education and work experience, and using section 204.00 as a framework for decisionmaking, the claimant is not disabled.
 
 
 9
 (App. 114.)
 
 
 10
 In short, the Appeals Council concluded that since plaintiff's only job restrictions were environmental, it was not necessary to detail with more precision the exact jobs available. None of the cases relied on by plaintiff are apposite to a situation involving only environmental restrictions.
 
 
 11
 We have little doubt that at plaintiff's present age and with his chronic lung disease that actually finding employment is difficult. That is not the test, however, and since we find that substantial evidence supports the Secretary's conclusion that plaintiff is capable of working at jobs which are generally available, we AFFIRM.
 
 
 
 *
 Honorable Richard F. Surheinrich, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 In plaintiff's brief as well as at the hearing before the ALJ, plaintiff's counsel seems to place great emphasis on the fact that plaintiff's condition was described by his treating physician as "chronic." The ALJ found the condition to be chronic, but chronic merely means "persisting over a long period of time" (Dorland's Medical Dictionary, 25th ed.) and indicates nothing as to severity of the condition described as chronic