Barbara N. CROSS, Plaintiff,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare of the United States, Defendant.

No. 78–1018 Civ. T–K.

United States District Court,
M. D. Florida,
Tampa Division.

Aug. 9, 1979.

Thomas Cassidy, Stanley, Wines, Roth, Williams & Smith, P. A., Lakeland, Fla., for plaintiff.

Douglas J. Titus, Jr., Asst. U. S. Atty., Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, District Judge.

This is an action for review of an administrative determination by the Secretary of Health, Education, and Welfare denying plaintiff disability benefits under the Social Security Act. Pursuant to a general order of assignment this matter was considered by a United States Magistrate, who filed his report and recommendation herein, recommending that this action be remanded to the Secretary for additional evidence to determine "what substantial available gainful employment plaintiff can perform in light of her disabilities."

I have made an independent study of the entire file including the transcript of the proceedings before the Administrative Law Judge and for the reasons given, I disapprove and do not adopt the report and recommendation.

As the Administrative Law Judge found:

The claimant is a 55-year-old individual with a fourth-grade education, who has

worked as a bus driver, a taxi driver, a shrimp plant machine operator, an automobile mechanics helper, a laundry worker, and a janitorial worker. (R 8)

Essentially the medical evidence of record reveals that the various orthopedic physicians who have examined and treated the claimant feel that she is quite capable of returning to work activity that does not involve heavy lifting and repeated bending, stooping, pushing, or pulling. She does have some decreased grip strength in her right hand and minimal degenerative changes throughout her spine but is not otherwise limited. These orthopedic physicians have noted mental and emotional impairments in addition to claimant's orthopedic problems and even with knowledge of the functional overlay that is obviously involved, she has been considered capable of returning to substantial gainful activity. Claimant's treating psychiatrist has indicated that she is disabled due to unemployability because of post traumatic depressive syndrome. Other evidence in this respect indicates that claimant's depression may be of a more longstanding duration and related to other occurrences besides the automobile accident of February 1976. The claimant's psychiatrist first examined her in late August 1977 and arrived at the conclusion that she was disabled. Previously, a consultative psychiatric examination resulted in a diagnosis of mild depressive reaction in February 1977 and psychological evaluations in May and August 1977 resulted in findings of a psychophysiological reaction with anxiety as well as hypochondriasis and poor motivation to return to work. The Administrative Law Judge has concluded that claimant's combination of physical and mental impairments has not been shown to be of such severity so as to have precluded claimant from engaging in any substantial gainful activity for a continuous period of at least twelve months. (R 11 and 12)

The Administrative Law Judge specifically notes that although claimant's grip strength immediately following the accident was found to be five pounds with the right hand and 20 pounds with the left hand, by mid August 1976 it had increased to 10 to 15 pounds in the right hand and 40 pounds in the left hand. (R 10)

The claimant testified at her hearing that she sought employment from various individuals and companies such as a cab company, a security firm, a bus company, a produce company, a nursery, an auto auction company, and a household products company. The claimant was able to list the various dates at which she contacted these firms and was also able to list the reasons why she would have been unable to undertake these jobs if she had been hired. In fact, the claimant, on learning of the job requirements, did not pursue the matter of employment further. She stated that she was turned down from employment by a taxi company and that a bus company informed her that they were not hiring. The other jobs she listed either included stooping or lifting or extensive driving such that she determined she would not be able to perform them on a sustained basis. Although claimant stated that she could drive a taxicab if it were not for the fact that she has to hold a microphone in her right hand on occasion and depress switches on the microphone, the Administrative Law Judge does not find any indication in the medical evidence of record that claimant's grip strength in her right hand is so diminished that she would not be able to perform the task satisfactorily. The claimant also testified that she did not pursue a job as a security guard further because the job involved stooping and lifting. The Administrative Law Judge notes that there are numerous positions as a security guard, a watchman, or gateman that do not involve any stooping or lifting. The Administrative Law Judge has therefore concluded that with the degree of residual physical and mental capacity described in the evidence of record, the claimant may be expected to perform jobs of a light or sedentary nature in keeping with her prior employment or other work of a relatively unskilled nature for which she readily could be trained. The claimant is not "disabled" within the meaning of the Social Security Act, and is not entitled to the benefits she

seeks. In particular, the claimant should realize that substantial gainful activity may include regular part-time work as well as full-time employment. (R 12 and 13)

The A.L.J. concluded:

5. The claimant is unable to perform strenuous physical labor involving frequent stooping, lifting, bending, or pushing and pulling, or work that would involve strenuous use of claimant's right hand but is otherwise able to function satisfactorily.

6. With the claimant's residual physical and mental capacity, age, education, and vocational background, the claimant is able to perform jobs of a type she has performed in the past in addition to various light and sedentary jobs for which she can be readily trained. (R 14)

The Magistrate concluded:

Of necessity, jobs of a type which Plaintiff has performed in the past such as bus driver, shrimp plant machine operator, or janitorial worker, may require frequent stooping, lifting, pulling and pushing or strenuous use of her right hand. The finding of the Administrative Law Judge that the Plaintiff can perform jobs of a type which she has performed in the past is not supported by substantial evidence where the record indicates that the Plaintiff cannot perform the requisite physical labor.

■ In reviewing appeals of final decisions of the Secretary of Health, Education, and Welfare and its Appeals Council this Court must keep in mind that determination of disability under the Social Security Act is an administrative decision. It is the function of the Secretary, and not the Court, to resolve conflicts in the evidence and pass on the credibility of witnesses. It is well within his province to credit one medical opinion over another. The jurisdiction of this Court is limited to a review of the Secretary's decision and the record made in the administrative hearing process. The only question before the Court is whether or not the decision of the Secretary is in fact supported by substantial evidence. In this sense, "substantial" is more than a scintilla but less than a preponderance and must be based on the record as a whole.

■ I find that there is substantial evidence to support the A.L.J.'s findings and conclusions.

In addition, the Magistrate found:

Once the Plaintiff proved, or the Administrative Law Judge found that the Plaintiff could not perform the labor required in her former jobs, it becomes the Secretary's burden to adduce evidence of what jobs were available to a person of Plaintiff's limitations. See: *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972). Such has not occurred in this case. (R and R 2)

Since the A.L.J. found that plaintiff *could* perform the labor required in some of her former jobs and that such jobs were available, the Secretary had no burden to "adduce" evidence as to job availability.

In *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970) and *Brown v. Finch*, 429 F.2d 80 (5th Cir. 1970) the courts held that it was proper for the secretary (and the administrative law judge) to take administrative notice that light work existed in the national economy and that it was not necessary for the secretary to produce evidence of the obvious fact that light work exists in the national economy.

*DePaepe* was written by the Honorable Byron G. Skelton of the United States Court of Claims sitting by designation as a member of the Fifth Circuit, where he was joined on the panel by two Fifth Circuit judges. There a decision affirming a decision of the Secretary that the claimant could drive a cab, work as a security guard, and as a janitor, all work claimant had previously done (his previous work) was reversed on the ground that it was not supported by substantial evidence. The record disclosed no evidence as to claimant's ability or lack of ability to engage in other substantial work existing in the national economy. Although it was not essential to the decision, and thus dicta, the *DePaepe* court said at page 100, "[u]nder these circumstances, the burden shifted to the Secretary to show that there is available some other kind of 'substantial gainful employment'

appellant is able to perform." Citing *Garrett v. Finch*, 436 F.2d 15 (6th Cir. 1970). *DePaepe, Garrett* and the cases cited therein all deal with the burden of going forward with the evidence. *DePaepe* has been cited in the Fifth Circuit on four occasions, e. g. *Gaulding v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974), *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975), *Knott v. Califano*, 559 F.2d 279, 281 (5th Cir. 1977), and *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir. 1978). In *Gaulding* and *Knott* decisions affirming the Secretary were affirmed. The *Lewis* court found there to be no substantial evidence as to claimant's ability to engage in even light or sedentary employment and reversed. The *Mims* court found an absence of evidence anywhere in the record that claimant could engage in some sort of gainful employment and reversed.

Decision in this type case is always difficult. All concerned should remember that a case reaches the Court only after consideration in at least three stages in the administrative process, that the administrative law judge is authorized to make decisions as to both the credibility and weight of evidence before him and that the discretion of the Court in reviewing said decision is a limited one.

Entitlement to recover disability insurance benefits under the Social Security Act is limited by the terms of the Act itself, the expressed intent of Congress and the case law relating thereto. Such benefits are not substitutes for welfare payments or other local, state or federal aid for disability. While the Court, of course, has sympathy for one who is sick or infirm, decision for that reason would not be proper.

I find the decision of the Secretary to be in fact supported by substantial evidence and for the reasons given and as indicated, the decision of the Secretary should be and it is AFFIRMED and this case is DISMISSED. The Clerk is directed to enter judgment accordingly.