# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **JOHN CHEEKS,** | : | |
| | : | **C.A. No: K14A-07-002 RBY** |
|         **Appellant,** | : | |
| | : | |
|    **v.** | : | |
| | : | |
| **THE UNEMPLOYMENT INSURANCE** | : | |
| **APPEAL BOARD,** | : | |
| | : | |
|        **Appellee.** | : | |

*Submitted: January 7,2015*
*Decided: January 30, 2015*

***Upon Consideration of Appellant's Appeal from***
***the Unemployment Insurance Appeal Board***
**AFFIRMED**

**ORDER**

John Cheeks, *Pro se*.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for The Unemployment Insurance Appeals Board.

Young, J.

## SUMMARY

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("the Board") holding that John Cheek's ("Appellant") appeal from a determination by the Department of Labor ("Department") was untimely. Given the indisputable facts set forth in the record, this Court finds that the decision of the Board was proper. Appellant's appeal was filed at least six months past the deadline set out by the Department, and he has not provided a sufficient justification for the delay. Moreover, the Board's decision is founded both in the appropriate statute governing timely appeals and the substantial evidence in the record. There is further no evidence of an abuse of discretion on the part of the Board. Thus, the decision of the Board is **AFFIRMED**.

## FACTS AND PROCEDURAL POSTURE

On August 7, 2013, the Department issued a decision finding that Appellant had wrongfully accepted Unemployment Insurance benefits, during the time period of March 19, 2011 to April 9, 2011. Pursuant to 19 *Del. C.* § 3325, the Department held that Appellant was to repay the amounts received. Appellant was given until August 17, 2013, to appeal the determination; otherwise, pursuant to 19 *Del. C.* § 3318, the decision would become final.

Although there is some confusion about the precise date, Appellant did not file an appeal of the Department's ruling until at least March or perhaps April of 2014.[1] According to Appellant, at the time the determination was sent to him, he was

---

[1] The decision of the Appeals Referee states that the appeal was filed on April 2, 2014, while the decision of the Board states it was filed on March 20, 2014.

homeless and no longer at the address to which the Department's decision was sent. Appellant was mailed a further determination on April 9, 2014, indicating that the appeal was untimely. On April 28, 2014, a hearing was held before an Appeals Referee on the untimeliness issue. The Appeals Referee held that Appellant had, pursuant to 19 *Del. C.* § 3318, failed to file an appeal within 10 days. As such, the determination of the Department was final.

Appellant timely appealed the ruling of the Appeals Referee on May 14, 2014. The Board remanded the case for a further evidentiary hearing. The Appeals Referee, again, determined that Appellant's filing was untimely. On appeal, the Board affirmed the Appeals Referee.

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors.[2] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[3] It is "more than a scintilla, but less than preponderance of the evidence."[4] An abuse of discretion will be found if the board "acts arbitrarily or capaciously...exceeds the bounds of reason in view of the circumstances and has

---

[2] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. Ct. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[4] *Id.* (quoting *Cross v. Calfano*, 475 F.Supp. 896, 898 (M.D. Fla. 1979)).

ignored recognized rules of law or practice so as to produce injustice."[5] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[6] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[7]

## **DISCUSSION**

The Board affirmed the decision of the Appeals Referee, finding that no error had been committed in forming the determination. The Appeals Referee's decision was based upon 19 *Del. C.* § 3318(b) which states in relevant part:

> Unless claimant or a last employer who has submitted a timely and completed separation notice in accordance with § 3317 of this title file an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known address of the claimant and the last employer, the Claims Deputy's determination shall be final and benefits shall be paid or denied in accordance therewith.

From the record, the Appeals Referee determined that Appellant filed his appeal from the Department's decision on April 2, 2014, nearly seven months after it was due. As per the statute, Appellant's failure to file his appeal timely resulted in the Department's decision becoming final. The Appeals Referee did not consider Appellant's argument that he was homeless to be persuasive, as the statute requires only that the notice of determination be sent to the last *known* address.

---

[5] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Ct. Aug. 24, 2011) (quoting *Straley v. Advanced Staffing, Inc.,* 2009 WL 1228572, at *2 (Del. Super. Ct. Apr. 30, 2009)).

[6] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

[7] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

Appellant's opening brief speaks to the underlying case: the Department's decision requiring Appellant to repay the wrongfully accepted benefits. That is not, though, the issue presently before the Court. Appellant makes no argument regarding the timing of his appeal.

The Court finds that the Board acted properly in dismissing Appellant's appeal as untimely. This decision was within the constraints of the statute controlling timely filing, and was further based on substantial evidence.[8] 19 *Del. C.* § 3318 plainly states that a decision will be final, absent an appeal within 10 days. The Department's determination expressly stated Appellant had until August 17, 2013, to file his appeal. Appellant did not do so until at least March 20, 2014 – well past the stated deadline.[9] Appellant has further not provided sufficient justification for the delay, and the record does not show the Department was at fault.[10] The Board's decision was based solely on the sufficient evidence before it, and was according to the controlling statute. The Court sees no indication that this decision was based in caprice or was arbitrary.[11] Thus, neither did the Board abuse its discretion.[12] _____

---

[8] *Avon Prods.*, 203 A.2d T 560 (court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors).

[9] Although there is some discrepancy regarding the exact date of the appeal, if it was in March or April of 2014, either way this was well over the 10 day period called for by the statute.

[10] *See e.g., McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036 at *3 (Del. Super. Ct. Sept. 4, 2001) (appeal was not untimely where belated filing resulted from administrative error).

[11] *Delaware Transit Corp.*, 2011 WL 3793450 at *5.

[12] *Id.*

## **CONCLUSION**

The record is clear that Appellant plainly missed the deadline to file his appeal from the Department's decision. As such, this decision is final and not appealable. The decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
       John Cheeks, *Pro se*
       Opinion Distribution
       File