# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| EMORY A. BRATCHER , | : | |
| | : | C.A. No: K15A-03-001 RBY |
| _____Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEALS BOARD, | : | |
| | : | |
| Appellee. | : | |

*Submitted: August 3, 2015*
*Decided: August 14, 2015*

***Upon Consideration of Appellant's Appeal from
the Unemployment Insurance Appeals Board***
**AFFIRMED**

**ORDER**

Emory A. Bratcher, *Pro se*.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeals Board.

Young, J.

## SUMMARY

The present appeal arises out of the holding of the Unemployment Insurance Appeals Board ("the Board"), disqualifying Emory Bratcher ("Appellant") from receiving unemployment insurance benefits. Appellant had been previously employed by Delstar Technologies, Inc. ("Appellee"), prior to being terminated on October 20, 2014. Appellant had exceeded company policy regarding late arrivals/absences, and had been warned, in writing, of the consequences of continuing in this tardy conduct on, at least, two occasions.

Reviewing the decision of the Appeals Referee, the Board affirmed the finding that Appellant's termination had been for just cause, as per 19 *Del. C.* § 3314(2), making him ineligible for unemployment benefits. The Court finds that the Board's decision was properly founded in substantive evidence and was free from legal error. The decision of the Board is **AFFIRMED**.

## FACTS AND PROCEDURAL POSTURE

Appellant was employed by Appellee, from July 3, 2013 to October 20, 2014, as an operator. During his employment period, Appellant received two written notices concerning his repeated lateness and absenteeism, one on September 23, 2013, and one on April 29, 2014. The latter notice included a two day suspension as a result of Appellant's behavior. Both notices included a statement of the company's policy concerning absenteeism. Following the suspension, four additional instances of tardiness occurred. On October 20, 2014, by written notice, Appellant was terminated. Appellant claims that the incidents following the suspension were as a result of three deaths in his family, the passing of his father and his two uncles.

Appellant further claims his supervisor approved the time off.

On November 14, 2014, the Department of Labor ("Department") issued a determination that Appellant was disqualified from receiving unemployment insurance benefits, pursuant to 19 *Del. C.* § 3314(2), as he had been discharged by Appellee, for just cause. Appellant appealed this determination to the Appeals Referee ("Referee"). On December 9,2014, following a hearing on the matter, the Referee affirmed the determination of the Department, finding that, as Appellant had continued in his tardy behavior, despite continued admonition from Appellee, his insubordination rose to the level justifying termination, under 19 *Del. C.* § 3314(2). On Appeal, the Board affirmed the decision of the Referee, on January 28, 2015, for much the same reasons:

> The Referee concluded, and the Board agrees, that Employer had just cause in terminating Claimant. It is undisputed that Claimant was in violation of Employer's attendance policy. In light of the foregoing, the Board will adopt the Referee's decision as its own.[1]

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal errors.[2] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[3] It is "more than a scintilla, but less than preponderance of the

---

[1] Board's Opinion, at 2.

[2] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. Ct. 1981) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

3

evidence."[4] An abuse of discretion will be found if the board "acts arbitrarily or capaciously...exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[5] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[6] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[7]

## **DISCUSSION**

Where an employee is terminated for just cause, 19 *Del. C.* § 3314(2) provides this employee will be disqualified from receiving unemployment benefits. In analyzing whether Appellant's termination was for just cause, the Board must determine whether Appellant engaged in "a willful or wanton act or pattern of conduct in violation of the employer's interest, employee's duties, or the employee's expected standard of conduct."[8] "Wanton connotes a heedless, malicious or reckless act, but does not require actual intent to cause harm."[9] Willful "implies actual,

---

[4] *Id.* (quoting *Cross v. Calfano*, 475 F.Supp. 896, 898 (M.D. Fla. 1979)).

[5] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Ct. Aug. 24, 2011) (quoting *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Ct. Apr. 30, 2009).

[6] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

[7] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

[8] *Majaya v. Sojourner's Place*, 2003 WL 21350542, at *4 (Del. Super. Ct. Jun. 6, 2013) (internal quotations omitted).

[9] *Boughton v. Div. of Unemployment Ins. Of Dept. Of Labor*, 300 A.2d 25, 26 (Del. Super. Ct. 1972).

specific or evil intent." [10] "Violation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination."[11] "Knowledge of a company policy may be established by...previous warnings of objectionable conduct."[12]

It is not the role of this Court to act as fact-finder in an appeal from an administrative board.[13] The decision of the Board is to be affirmed, unless the Court concludes that its opinion is against the great weight of evidence.[14] The Court finds that the Board properly investigated the sources of evidence presented it, basing its decision on substantial evidence. Courts interpreting 19 *Del. C.* § 3314(2) have found that, where a policy is in place, of which the employee is aware, and yet, the employee proceeds to violate this policy, such insubordination rises to the level to support just cause for termination.[15] The Board, in the instant matter, affirmed the Referee's finding of just cause for termination as "[i]t is undisputed that claimant was in violation of Employer's attendance policy."[16] Indeed, this finding was based upon

---

[10] *Id.*

[11] *Wilson v. Unemployment Ins. Appeals Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. Jul. 27, 2011).

[12] *Id.*

[13] *Bernhard v. Phoenix Mental Health*, 2004 WL 304358, at *1 (Del. Super. Ct. Jan. 30, 2004).

[14] *Hall v. City of Wilmington*, 1978 WL 186829, at *2 (Del. Super. Ct. Jan. 27, 1978).

[15] *Wilson*, 2011 WL 3243366 at *2.

[16] Board's Opinion, at 2.

the Record, which included, among other things, two written notices stating the employer's attendance policy and Appellant's violation of it. Although, as Appellant claims, some of the later absences may have been as a result of family tragedy and, thus, permitted, the vast majority were not. Moreover, it was within the Board's discretion to "weigh the evidence presented and resolve conflicting testimony and issues of credibility."[17] Given this, the Board had, precisely, the requisite amount of evidence to affirm the decision of the Referee, given the "just cause" scheme recognized by the case law.

In addition, the Board grounded its disqualification of Appellant upon the governing statue 19 *Del. C.* § 3314(2). Where there is just cause for discharge, an applicant is ineligible for unemployment benefits. Finding that the termination was just, the Board properly followed the call of the statute in denying Appellant's application for benefits. The Court finds no error of law in the Board's determination.

## CONCLUSION

From the extensive record, the Board, in its permitted discretion, concluded that Appellant's repeated absenteeism was in direct violation of his employer's explicitly conveyed policy. This was a reasonable finding based upon substantial evidence. Moreover, the ultimate decision to disqualify Appellant from receiving unemployment benefits was based upon the controlling statute, and, hence, free from legal error. The decision of the Board is **AFFIRMED**.

---

[17] *Bernhard*, 2004 WL 304358, at *1.

**IT IS SO ORDERED**.

          /s/ Robert B. Young        
                   J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
        Emory Bratcher, *Pro se*
        Opinion Distribution
        File