# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TAMRA SCOTT, | : | |
| | : | |
| Appellant, | : | C.A. No. K16A-04-002 JJC |
| | : | In and For Kent County |
| v. | : | |
| | : | |
| DIVISION OF UNEMPLOYMENT | : | |
| INSURANCE | : | |
| | : | |
| & | : | |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEALS BOARD, | : | |
| | : | |
| Appellees. | : | |

## ORDER

Submitted: September 6, 2016
Decided: November 4, 2016

On this 4th day of November 2016, having considered Appellant Tamra Scott's (hereinafter "Ms. Scott's") appeal, it appears that:

1. Ms. Scott appeals a decision of the Unemployment Insurance Appeal Board (hereinafter "the Board") that she was liable to the Division of Unemployment Insurance (hereinafter "the Division") for recoupment of overpayments. Since this matter involves an appeal of an administrative agency's decision, the Court is confined to a review of the facts contained in the record, and those facts are referenced herein.

2. From May 11, 2015 through May 22, 2015, Ms. Scott failed to report her earnings to the Unemployment Office, and instead, she collected unemployment benefits while she was employed at Little Kids Swagg Day Care. For two weeks,

she simultaneously received pay from the daycare center and unemployment benefits. On September 23, 2015, the Division issued a disqualification decision on the basis of fraud because Ms. Scott failed to report her earnings from May 11, 2015 through May 22, 2015. When the Division disqualifies an applicant due to fraud, the person disqualified cannot collect any benefits for a full year "beginning with the date on which the first false statement, false representation, or failure to disclose a material fact occurred."[1] Therefore, upon disqualification, Ms. Scott was ineligible for unemployment benefits from May 16, 2015, the first date she failed to report her earnings, through May 14, 2016. The disqualification, despite not being issued until September 23, 2015, applied retroactively to May 16, 2015 pursuant to Delaware law.[2] When Ms. Scott failed to file a timely appeal of the disqualification determination, it became final and unreviewable on October 3, 2015.

3. Following the disqualification determination becoming final, the Division initiated an administrative proceeding to establish the amount of overpayments. The Division determined that Ms. Scott owed $2,366 in overpayments for the benefits paid to her from May 16, 2015 through August 15, 2015. When Ms. Scott received notice that she owed $2,366, she appealed the overpayment determination to an Appeals Referee. The Appeals Referee upheld the overpayment determination and the Board affirmed.

4. Ms. Scott then filed an appeal to this Court. Ms. Scott argues that she did not receive a hearing before the Board and that there were inconsistencies in what she was told by Division employees. Accordingly, Ms. Scott argues that she need not repay the full $2,366. Instead, she maintains she need only repay the amount of

---

[1] 19 *Del. C.* § 3314(6).

[2] *Id.*

2

benefits she collected while simultaneously working at the daycare center in the amount of $338.

5. Ms. Scott is entitled to appeal the Board's decision to this Court pursuant to Section 3323(a) of Title 19 of the Delaware Code. An appeal from an administrative board's final order to this Court is confined to a determination of whether the Board's decision is supported by substantial evidence and is free from legal error.[3] Substantial evidence equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] Substantial evidence is "more than a scintilla but less than a preponderance."[5] On review, "the court is not authorized to make its own factual findings, assess credibility of witnesses or weigh the evidence."[6] Furthermore, "[i]n reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below."[7]

6. On appeal, Ms. Scott argues that she did not have a hearing before the Board on the overpayment decision and that there are inconsistencies as to what she was told by the Division. Ms. Scott, in her Opening Brief and during the hearing before the Appeals Referee, cites a misunderstanding regarding the date on which she filed her appeal. This issue is moot, however, since her appeal to the

---

[3] *E.g.*, *Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781—72 (Del. 2011).

[4] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[5] *Id.* (quoting *Cross v. Califano*, 475 F.Supp. 896, 898 (D. Fla. 1979)).

[6] *Sokoloff v. Bd. Of Med. Practice*, 2010 WL 5550692, at *5 (Del. Super. 2010).

[7] *Pochvatilla v. US Postal Service*, 1997 WL 524062, at *2 (Del. Super. 1997); *see also Thompson*, 25 A.3d at 782.

Appeals Referee regarding the amount of the overpayment due was determined to be timely.

7. Additionally, Ms. Scott argues that she is not responsible for repaying $2,366, and instead, believes she is only responsible for the amount she collected during the two weeks she was simultaneously working and collecting benefits. She alleges that because a Division employee told her that this limited repayment would be the only repercussion of her fraudulent reporting, she did not appeal the original disqualification determination. Ms. Scott further argues that she was denied an evidentiary hearing before the Board. Rather than holding a hearing, the Board decided the appeal based on the record of the Appeals Referee. Ms. Scott argues that an appeal on the record to the Board is insufficient.

8. While Ms. Scott argues in her Opening Brief that a Division employee told her she would only be required to repay the amount she collected while working at the daycare center, in another letter included as an exhibit with her Opening Brief, she mentions that she was told she would be disqualified from receiving benefits for a full year. Furthermore, contrary to this allegedly erroneous advice, the written decision issued by the Division on September 23, 2015, clearly provided

> [i]t is decided that the claimant knowingly failed to report her re-employment, earnings and subsequent separation from the job in order to obtain benefits to which she would not otherwise be entitled. The claimant is disqualified from the receipt of benefits for the one year period beginning week ending 5/16/15. . .. You are disqualified for receipt of benefits, pursuant to Title 19, section 3314(6), and also for fraud, effective with or for week ending 05/16/2015 until week ending 05/14/2016.[8]

---

[8] R. at 32.

The same written decision also referenced overpayments. It stated "[a]ny person who has received any sum as benefits under this Chapter to which it is finally determined that he was not entitled, shall be liable to repay said overpayment to the Department for the Unemployment Compensation Fund . . .."[9] Furthermore, the decision included notice of Ms. Scott's appeal rights, stating the decision regarding the disqualification would become final on October 3, 2015, if not appealed. She did not appeal that decision, and it accordingly became final.

9. Ms. Scott's argument that a Division employee informed her she would only be required to pay back two weeks of benefits based on the disqualification decision is not availing. The law regarding repayment of overpayments is clear. Under Delaware law, she is required to pay back all of the benefits she received during the year she was disqualified. When Delaware courts have examined allegations that Division employees provided misinformation to claimants directly contrary to clear law and written instructions issued by the Division, the courts have consistently rejected those arguments.[10] Therefore, even if a Division employee had misinformed Ms. Scott regarding the consequences of her disqualification, the written decision would control. Moreover, given Ms. Scott's separately contradicting admissions, the Court cannot conclude that she was in fact misinformed.

10. Ms. Scott next argues that she was told she would receive a hearing

---

[9] *Id.*

[10] *See Hampton v. Unemployment Insurance Appeal Board*, 2016 WL 5867441, at *3 (Del. Super. Oct. 7, 2016) (requiring the person claiming unemployment benefits to repay the amount of benefits he collected despite being misadvised by a Division employee); *Morrison v. Unemployment Insurance Appeal Board*, 2013 WL 5786417, at *3 (Del. Super. October 18, 2013) (stating that when Board requirements are clearly available, an argument that claimant was improperly advised by Division employee "is not a valid excuse for failing" to adhere to those requirements); *Spicer v. Spicer Unlimited*, 2005 WL 914469, at *2 (Del. Super. April 21, 2005) (stating that the claimant's ignorance as to the law regarding unemployment benefits was not an excuse for failing to follow the Board's regulations).

before the Board to determine the amount of the recoupment, and because one was not provided, the decision must be overturned. However, pursuant to Section 3320(a) of Title 19 of the Delaware Code, "the Unemployment Insurance Appeal Board . . . may . . . affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal . . .."[11] Accordingly, the Board may decide an appeal on the record established by the Appeals Referee. Delaware law does not require the Board to hold an evidentiary hearing on appeal. The Board affirmed the Appeals Referee after reviewing the evidence submitted at the initial hearing. From this material, the Board made the decision to affirm the overpayment determination. The Board's determination is supported by substantial evidence and is free from legal error.

11. Ms. Scott does not dispute the fact that she received these payments. Furthermore, she cites no evidence of record below that the overpayment calculation is incorrect. Accordingly, there is no basis for this Court to overturn the Board's decision.

WHEREFORE, for the reasons cited herein, Ms. Scott's appeal is DENIED. The decision of the Unemployment Insurance Appeals Board is accordingly AFFIRMED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[11] 19 *Del. C.* § 3320(a).