# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JIAN YING LEMPER, DMD,     :
     :
     Appellant,     :     K17A-02-003 JJC
     :     In and for Kent County
     v.     :
     :
DELAWARE BOARD OF     :
DENTISTRY & DENTAL HYGINE,     :
     :
     Appellee.     :
     :

## <u>ORDER</u>

Submitted: June 16, 2017
Decided: July 31, 2017
Corrected:  August 1, 2017

On this 31st day of July 2017, having considered Appellant Dr. Jian Ying Lemper's appeal, it appears that:

1. Appellant Dr. Jian Ying Lemper (hereinafter "Dr. Lemper") appeals a decision of the Delaware Board of Dentistry and Dental Hygiene Appeal Panel (hereinafter "Appeal Panel") denying Dr. Lemper a license to practice dentistry in the State of Delaware.  For the reasons that follow, the Court affirms the Appeal Panel's January 11, 2017 decision and order.

2. Since this matter involves an appeal of an administrative agency's decision, the Court confines its review to the facts contained in the record, and it is those facts that are referenced herein.  In April 2016, Dr. Lemper applied to the Delaware Board of Dentistry and Dental Hygiene (hereinafter "Dentistry Board") for a license to practice dentistry in Delaware.  In June 2016, Dr. Lemper completed

the Delaware Dental Practical Examination. A panel of four examiners administered the exam.

3. The standards used to grade the exam are recorded in the "Delaware Practical Examination for Dental Candidates" packet (hereinafter the "Candidates' Packet"), which is distributed to the candidates and referenced by the examiners during the exam.[1] The examiners perform regular calibration exercises, which involve the examiners discussing and standardizing grading criteria, as well as performing and discussing a test periodontal procedure, to ensure standard observations and grading. These calibrations are, as indicated in the Candidates' Packet, to be performed "biannually, or when a new examiner is appointed to the board."

4. The Dentistry Board grades the exam by averaging the scores of each examiner. A score of 75 is required to pass. Dr. Lemper failed three of the seven sections of the exam: the crown exercise, the impression technique, and the radiographic technique. Each examiner gave Dr. Lemper a score of only 65 and, on June 20, 2016, the Dentistry Board informed Dr. Lemper that she failed the examination.

5. Soon thereafter, Dr. Lemper wrote to the State of Delaware Division of Professional Regulation and requested a hearing before the Appeal Panel pursuant to 24 *Del. C.* § 1194(d). The Appeal Panel met, and after an evidentiary hearing, determined that Dr. Lemper had not met her burden of proof to show the Dentistry Board wrongfully determined she had failed the exam.[2] Dr. Lemper then appealed

---

[1] Although the record does not reveal the circumstances surrounding the adoption of these standards, both parties agreed that the standards set forth in the Candidates' Packet should be treated in the same manner as the Dentistry Board's regulations.

[2] *See* 24 *Del. Admin.* C. 1100-10.5.2 (providing that "[t]he Board's scoring of the examination is presumed correct, and the burden of proof at an appeal hearing is on the appellant to prove otherwise. The appeal is limited to a determination of whether there exists substantial evidence to support the judgment of the examiners at the time of the examination.").

that decision to this Court pursuant to Section 1194(g) of Title 24 of the Delaware Code.

6. For administrative appeals, this Court limits its review to whether an administrative board's decision is supported by substantial evidence and is free from legal error.[3] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a scintilla, but less than a preponderance of the evidence."[5] In reviewing the Dentistry Board's decision, the Court is to avoid acting as a "trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[6] On the other hand, the Court will find an abuse of discretion if the Dentistry Board "acts arbitrarily or capriciously . . . or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[7]

7. Dr. Lemper presents several arguments for why the Court should overturn the decision of the Appeal Panel. First, she alleges that the Dentistry Board acted arbitrarily and capriciously by failing to physically perform calibrations twice a year *and* when a new examiner is appointed to the Dentistry Board. She argues that this violates the Dentistry Board's own regulations and standards, as printed in the Candidates' Packet.[8]

---

[3] 29 *Del. C.* § 10142(d); *Avon Prods. v. Lamparski,* 293 A.2d 559, 560 (Del. 1972).

[4] *Olney v. Cooch,* 425 A.2d 610, 614 (Del. Super. Ct. 1981) (citing *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966)).

[5] *Id.* (quoting *Cross v. Calfano,* 475 F.Supp. 896, 898 (M.D. Fla. 1979)).

[6] *Johnson v. Chrysler Corp.,* 213 A.3d 64, 66 (Del. 1965).

[7] *Del. Transit Corp. v. Roane,* 2011 WL 3793450, at *5 (Del. Super. Ct. Aug. 24, 2011).

[8] Although Dr. Lemper cited no authority in support of this argument, due process requires that an administrative agency follow its own rules of procedure. *See Dugan v. Del. Harness Racing Comm'n*, 752 A.2d 529, 531 (Del. 2000) (holding that "if an agency rule is designed 'to afford . . . due process of law by providing safeguards against essentially unfair procedures,' the action which results from the violation of that rule is invalid").

3

8.      Dr. Lemper's opening brief, however, did not cite any legal authority in support of this argument. In her opening brief to this Court, Dr. Lemper had an obligation to "marshal the relevant facts and establish reversible error by demonstrating why the action [below] was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions. The failure to cite *any* authority in support of a legal argument constitutes a waiver of the issue . . . ."[9]

9.      Additionally, Dr. Lemper's argument is insufficient on its merits. The record indicates that the Dentistry Board calibrated the exam approximately one year prior to the June 2016 exam. Namely, the Dentistry Board performed the 2015 calibration shortly after a new examiner joined the Dentistry Board. This alone appears to satisfy the requirement to perform a calibration "biannually *or* when a new examiner is appointed to the [B]oard."

10.     Importantly, this Court defers to the Dentistry Board's interpretation of its regulations and standards unless such an interpretation is clearly erroneous.[10] The Dentistry Board's actions indicate that it interprets the calibration requirement to be wholly disjunctive. Furthermore, such an interpretation is not clearly erroneous because the plain language of this requirement is in fact disjunctive. The presence of the "or" requires calibration when *either* a new board member is appointed *or* biannually. It does not require calibration both biannually *and* when a new member joins the Dentistry Board despite Dr. Lemper's argument to the contrary. As there is evidence that the Dentistry Board calibrated the exam shortly after a new member joined the Dentistry Board, there is substantial evidence to support the Appeal Panel's decision that the Dentistry Board did not violate its calibration requirement.

11.     Furthermore, Dr. Lemper provided no authority for the proposition that the Dentistry Board must physically calibrate *all* of the exam components nor was

---

[9] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008).

[10] *State Farm Mut. Auto. Ins. Co v. Mundorf,* 659 A.2d 216, 220 (Del. 1995).

4

the Court able to locate any provision defining calibration in such a manner. Moreover, the Appeal Panel determined that the Dentistry Board sufficiently calibrated the exam by discussing the grading procedures. The Court finds that there is substantial evidence to support the Appeal Panel's decision that the Dentistry Board properly calibrated the exam in accordance with its standards as printed in the Candidates' Packet. Consequently, the Dentistry Board's policy of setting standards for the exam was not arbitrary and capricious.

12. Second, Dr. Lemper also argues that because the exam scoring contained a subjective element, the outcome was arbitrary and capricious. Here again, Dr. Lemper's opening brief did not cite any legal authority in support of this argument. However, Dr. Lemper's opening brief did note a Dentistry Board member's admission that there is a subjective element in the scoring process. Dr. Lemper also emphasizes that the four examiners gave Dr. Lemper different scores on different portions of the exam but still all reached the same overall score. Dr. Lemper asserts that this is too much of a coincidence to not be improper.

13. The fact that certain elements of the grading may, to a certain extent, contain a subjective component does not by itself establish arbitrary and capricious conduct on the part of the Dentistry Board. There is no evidence that the examiners graded the exam in a manner that violated the Dentistry Board's regulations or guidelines. Additionally, the Court does not find any evidence that the examiners colluded in a manner to ensure Dr. Lemper's failure.

14. Third, Dr. Lemper argues that the Dentistry Board violated the principle of "fundamental fairness" when it allowed an examiner to introduce non-standard criteria into the administration of the exam. In particular, Dr. Lemper claims that Dr. Mercer unfairly deducted points when Dr. Lemper failed to follow up on a modification request she made. Here again, she cites no legal authority in support of this argument.

5

15.     Nevertheless, included in the Candidates' Packet is a procedure for requesting modifications. By failing to address the variations for which Dr. Lemper sought modification, it appears that Dr. Lemper fell short of the criteria provided. A plain reading of the Candidates' Packet indicates that once a candidate's request for modification is approved, the expected "ideal preparation," on which the candidate is graded, is modified. Consequently, by not performing the modification as requested, Dr. Lemper did not meet the modified expectation. Accordingly, the Dentistry Board's decision that Dr. Mercer justifiably deducted these points was supported by substantial evidence.

16.     Fourth, Dr. Lemper argues that the Dentistry Board wrongfully promulgated regulations prohibiting introduction of evidence before the Appeal Panel that was not part of the examination process or that was no longer in the possession of the Dentistry Board. Prior to Dr. Lemper's examination, the Dentistry Board promulgated the following regulation:

> The appeal panel may only consider documents, radiographs, and materials submitted during the examination that remain in the possession of the Board. The panel will not consider documentation or evidence that was not part of the examination, including opinions of the candidate or any other party, academic records, or letters of reference. The panel will not consider radiographs, photographs, or models of a patient taken after the completion of the examination.[11]

17.     Dr. Lemper makes no assertion that this regulation was improperly promulgated. Further, Dr. Lemper failed to cite legal authority in support of the above argument. Regardless, the Dentistry Board had clear authority to promulgate such a regulation; the Dentistry Board is empowered to "prepare and administer a

---

[11] 24 *Del. Admin. C.* 1100-10.5.2.1.

6

practical exam in dentistry."[12] Accordingly, the Dentistry Board did not err in applying this regulation.

18. Fifth, Dr. Lemper argues that the Dentistry Board failed to establish objective criteria for over reduction of a crown prep, and, additionally, the examiners grading Dr. Lemper neglected to utilize instruments designed for measuring the amount of reduction. Dr. Lemper alleges that the Dentistry Board's subjective standard is arbitrary and capricious, and applying such a standard rendered its decision an abuse of discretion. However, the record contains evidence that objective criteria exists for grading a crown prep. The Candidate's Packet states that a crown "occlusal reduction PFM" should be two millimeters. Therefore, any reduction greater than two millimeters would be an over reduction. While Dr. Lemper argues that the examiners acted arbitrarily by measuring her occlusal reduction without using an instrument, there is evidence in the record to support that an experienced practitioner "eyeballing" this distance is a reasonable method of measuring such. The panel of examiners opined that "[i]t is normal and appropriate for experienced dentists to use only their sight." Therefore, a reasonable mind might accept the standard of two millimeters, as judged by sight, to be sufficiently objective. Consequently, it is not an arbitrary or capricious standard by which to grade candidates.

19. Sixth, Dr. Lemper argues that the Dentistry Board erred in failing to maintain "documents and records from the June 2016 examination." However, Dr. Lemper fails to allege what documents or records were not maintained. The record also does not indicate that a document was unavailable to Dr. Lemper at the hearing

---

[12] 24 *Del. C.* § 1106(a), (a)(3)b (the Board is empowered to "formulate rules and regulations"); *Brown v. State Bd. of Dental Exam'rs*, No. 93A-11-017, 1994 WL 315304, at *3 (Del. Super. Ct. May 23, 1994), *appeal dismissed and remanded*, 650 A.2d 1307 (Del. 1994) (regarding the Board's review of appeals by applicants who fail the dentistry licensing exam: "the controlling statutes impose no requirements for the review process . . . this topic is implicitly delegated to the agency and this Court may not disturb the agency's interpretation unless it is unreasonable").

before the Appeal Panel. At oral argument, Dr. Lemper argued that the Dentistry Board, after the completion of an exam, should create plastic molds or some sort of picture documentation of the patient in order to document the examinee's work. Based on this, Dr. Lemper argues that the Dentistry Board failed to maintain documents that it should have created. However, Dr. Lemper cites no legal authority requiring such a procedure. As elsewhere, Dr. Lemper argues that such a requirement should be imposed because it would not be burdensome on the Dentistry Board. The Court refuses to substitute its judgment for that of the Dentistry Board. As there is no evidence that the Board failed to maintain any records that it actually created pursuant to the examination, Dr. Lemper's argument must fail.

20. Seventh, at oral argument, for the first time, Dr. Lemper also raised an argument that the members of the Appeal Panel were not qualified to sit on the panel. Dr. Lemper bases her argument on her belief that the members of the Appeal Panel were members of the Dentistry Board, which Delaware law prohibits.[13] The Court notes the Dentistry Board's representation that Dr. Lemper's belief is likely based on the cover page of the transcript of the Appeal Panel's hearing which lists the panel members as Board Members. The Dentistry Board represented, at the oral argument, that the cover page of the transcript incorrectly identified the panel members as such. The Dentistry Board affirmatively represented that none of the members on the Appeal Panel were also Dentistry Board members during the previous five years. The Court accepts this representation, and therefore, finds that without evidentiary support below, there is no merit to Dr. Lemper's argument.

21. Eighth, Dr. Lemper also argued for the first time at oral argument that the Appeal Panel did not provide her with an adequate opportunity to question her examiners at the hearing. Dr. Lemper argues that the hearing took place late in the day and the panel members and witnesses were not willing to stay late. Therefore,

---

[13] 24 *Del. C.* § 1194(b).

Dr. Lemper argues that the hearing did not provide adequate time to allow her counsel to fully examine all of the graders. The Court recognizes substantial evidence to the contrary. At the Appeal Panel hearing, Dr. Lemper's counsel was provided the opportunity to present more witnesses. His response was "[n]o. I'm not going to repeat the questions of the other two examiners."[14] It is clear from the transcript that the Appeal Panel provided Dr. Lemper's counsel time to call any additional witnesses and fully question them. Moreover, Dr. Lemper had the opportunity to subpoena witnesses,[15] but chose not to do so. Therefore, Dr. Lemper cannot now argue that the Appeal Panel prevented her from fully developing the evidence at her hearing.

WHEREFORE, for the reasons cited herein, Dr. Lemper's appeal is DENIED. The decision of the Appeal Panel is accordingly AFFIRMED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[14] Appeal Hearing Transcript at 64.

[15] Appeal Hearing Transcript Exhibits (which includes the "Notice of Appeal Panel Hearing Date," which provides consistently with Delaware's Administrative Procedures Act that "You may subpoena witnesses. Requests for subpoenas should be directed to: Jennifer Witte . . .").